[Civ. No. 4086.  Second Appellate District, Division One.—February 1, 1923.]

## GEORGE F. WILLIAMS, Appellant, v. O. M. THOMPSON et al., Respondents.

[1] PLEADING—APPLICATION FOR ADDITIONAL TIME—GENERAL APPEARANCE—MISTAKE OF LAW.—An opinion that an application for additional time in which to appear and plead to a complaint constitutes a general appearance is a mistake of law.

[2] DEFAULT—MISTAKE OF LAW—RELIEF—AFFIDAVIT OF MERITS.—On an application to set aside a default in an action against several defendants on the ground that the default was taken as a result of mistake of law, an affidavit of one of the defendants that he had stated all the facts in the case to his attorney and was thereupon advised that he and his codefendants had a good and meritorious defense to the action was a sufficient affidavit of merits.

[3] ID.—MISTAKE OF LAW—RELIEF.—A court will in a proper case grant relief against a mistake of law which has resulted in the default of a defendant.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a default. Chas. S. Crail, Judge. Affirmed.

The facts are stated in the opinion of the court.

Goodwin & Morgrage for Appellant.

Allen & Lyon and Jones & Weller for Respondents.

CONREY, P. J.—Judgment by default having been entered against the defendants, they moved the court to set aside the default and vacate the judgment, on the ground that said default was taken as a result of mistake of law

and surprise of the attorneys for the defense. This appeal is from an order granting that motion.

The action is one commenced in the county of Los Angeles to recover money alleged to be due under a contract for personal services. The summons was served on the defendants in the county of Orange on October 24, 1921. Summons was returned on November 25th, and the default and judgment by default were entered December 5, 1921.

On the seventh day of December, 1921, pursuant to notice duly given on the twenty-fifth day of November and their special appearance for that purpose, the defendants moved to quash the service of summons because of certain alleged defects in the copies of summons and complaint which had been delivered to them. That motion having been denied, they then made the motion whereby they sought relief under the provisions of section 473 of the Code of Civil Procedure. From the affidavits on this motion it appears that Mr. Lyon, one of the attorneys of the defendants, had charge of the motion to quash service of summons; that he in good faith was of the opinion that the copies of summons delivered to the defendants were insufficient because they were not dated, were without seal and were not signed by a deputy clerk of the court, and because the purported copy of the complaint was not signed by the plaintiff or his attorney. Relying upon their special appearance and motion to quash summons, defendants entered no general appearance and thereby suffered default.

[1] The motion to quash service of summons having been denied, it is now assumed as the law of the case that counsel for defendants were in error when, relying upon that motion, they permitted default to be taken against them. They claim that they did this because they were also of the opinion that an application for additional time in which to appear and plead would have constituted a general appearance. If so, we think that this also was a mistake of law. (*Davenport* v. *Superior Court*, 183 Cal. 506 [191 Pac. 911].)

That part of section 473 of the Code of Civil Procedure which is applicable to this case reads as follows: "and may, also, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect; provided, that application

therefor be made within a reasonable time, but in no case exceeding six months after such judgment, order, or proceeding was taken; and provided, further, that said application must be accompanied with a copy of the answer, or other pleading proposed to be filed therein, otherwise said application shall not be granted.''

[2]  Appellant contends that the court abused its discretion in granting the order from which this appeal is taken, because there was no sufficient affidavit of merits, and because, although the complaint in the action was verified, the proposed answer which accompanied the motion of defendants was not verified.  One of the defendants in his affidavit stated that he had stated all the facts in the case to his attorney and was thereupon advised that he and his co-defendants had a good and meritorious defense to the action. We think that this affidavit, together with the proposed joint answer of the defendants, was a sufficient compliance with the requirements of the motion then before the court with respect to a showing of merits of the defense.  It may fairly be presumed that when the court granted the motion the answer filed would have been verified.  If the answer, which pursuant to that order has been filed, is not verified, it would have been easy to establish the fact in preparing the record on this appeal.

[3]  It is a recognized rule that the court will, in a proper case, grant relief against a mistake of law which has resulted in the default of a defendant.  (*Mitchell* v. *California etc. S. S. Co.*, 156 Cal. 576, 580 [105 Pac. 590].)  The court did not abuse its discretionary power in treating this as a proper case for such relief.

The order is affirmed.

James, J., and Houser, J., concurred.