[Civ. No. 4686. First Appellate District, Division Two.—April 30, 1924.]

BERTRAM A. PARK et al., Appellants, v. C. D. HILLMAN, Respondent.

[1] DEFAULT—MOTION FOR RELIEF—DISCRETION OF TRIAL COURT—APPEAL.—Not only is the trial court vested with a broad discretion in the matter of granting relief from a judgment taken by default, but the law favors the determination of an action after a trial upon the merits and not upon technicality or default; and when, therefore, the trial court has exercised its determination in a manner to effectuate this policy of our law, it must clearly and conclusively appear that there has been an abuse of discretion to warrant interference with such action by an appellate court.

[2] ID.—AFFIDAVIT OF MERITS.—An affidavit of merits is not a jurisdictional element for granting relief from a judgment rendered against defendant after the entry of his default, and it may be dispensed with when the trial court is otherwise satisfied, such as by a verified answer on file, that defendant's application is meritorious and made in good faith.

[3] ID.—CONSIDERATION OF VERIFIED ANSWER.—In this action in which plaintiffs sought to recover certain moneys claimed to have been received by defendant, without right, as rents and profits of land owned by plaintiffs, and for which he had not accounted, and in which judgment was rendered against defendant after the entry of his default, the trial court, in reaching its conclusion that a showing of a meritorious defense had been made

---

1. See 14 Cal. Jur. 1072; 15 R. C. L. 720.
2. See 14 Cal. Jur. 1052.
3. See 14 Cal. Jur. 1057.

by defendant in support of his motion to set aside said judgment, was justified in taking into consideration the verified answer filed by defendant, in which he denied the allegations of the complaint and set up certain facts as a defense to the action.

(1) 4 C. J., p. 840, sec. 2825, p. 883, sec. 2825; 34 C. J., p. 429, sec. 677.   (2) 34 C. J., p. 340, sec. 553, p. 342, sec. 554, p. 428, sec. 676.   (3) 34 C. J., p. 340, sec. 553, p. 342, sec. 554.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside a default judgment. K. S. Mahon, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Wm. T. Eckhoff for Appellants.

Russell W. Cantrell for Respondents.

LANGDON, P. J.—This is an appeal by the plaintiff from an order of the superior court of the state of California, in and for the city and county of San Francisco, setting aside a judgment rendered in their favor against the defendant after the entry of his default. The order complained of was made upon two motions of the defendant, one upon the ground that said judgment was irregularly given and made through inadvertence upon the part of the trial court in that no proof was made of the notice to defendant of the time of trial, prior to the date of the actual trial of the said cause, as provided for in section 594, Code of Civil Procedure, and as required by rule 18 of the rules of practice of said court. The other motion of the defendant was upon the ground that the judgment was taken against him through his mistake, inadvertence, surprise and excusable neglect. The first motion is based upon the notice of motion and the judgment-roll, and the second motion, upon the notice of motion, all the papers, pleadings and records on file in the action and the affidavit of the defendant.

The affidavit of defendant is to the effect that prior to November 13, 1922, he had no notice of the entry of judgment against him on September 6, 1922; that at all times since the commencement of the action he had been a resident of the state of California; that at all times since the

date of the filing of the complaint (October 17, 1919), with
the exception of short periods of time, he had been actually
within the state of California, and that during all of said
time communications addressed to him at his place of resi-
dence and other addresses mentioned in the affidavit would
have been delivered to him in due course and that at no
time since the withdrawal of Frank Orwitz as his attorney
at law in said matter (November 23, 1921) had he been
personally served with notice of the time of trial of the
action nor had he received through the mails any notice or
communication advising him of the time of trial of said ac-
tion; that at no time previous to the thirtieth day of August,
1922, nor on the thirtieth day of August, 1922, did he have
any notice, information or knowledge of any kind, char-
acter or description that the trial of the above-entitled cause
had been set for or would be tried on the thirtieth day of
August, 1922.

The order setting aside the judgment was made upon the
ground that said judgment was rendered through the mis-
take, inadvertence, surprise and excusable neglect of the de-
fendant in that the defendant was not served with notice
of the time of the trial of said cause, as required by section
594 of the Code of Civil Procedure of the state of California,
and, further, that said defendant did not have actual or any
knowledge of the time of the trial of said cause, as appears
from his affidavit on file herein.

There was a conflict between the statements of fact in the
defendant's affidavit and the inferences to be drawn from
the statements in the counter-affidavit and the other evidence
relied upon by the plaintiffs, but this conflict has been
resolved in favor of the defendant by the trial court and is
not a matter subject to our review. [1] Not only does a
broad discretion in such matters rest with the trial court,
but the law favors the determination of an action after a
trial upon the merits and not upon technicality or default.
When, therefore, the trial court has exercised its discretion
in a manner to effectuate this policy of our law, as in the
present case, it must clearly and conclusively appear that
there has been an abuse of discretion to warrant interference
with such action by an appellate court. We think the rec-
ord in the instant case does not present such a situation.

[2] It is contended by the appellants that the order is
erroneous because no affidavit of merits accompanied the

motions and that such an affidavit is a prerequisite to the relief sought. Several cases are cited which seem to support this view. An examination of the statute discloses that an affidavit of merits is not made a condition precedent to the granting of the relief, and in the case of *Melde* v. *Reynolds*, 129 Cal. 308 [61 Pac. 932], it was held that an affidavit of merits is not a jurisdictional element for granting relief from a judgment and may be dispensed with when the court is otherwise satisfied that the application is meritorious and made in good faith. It was also held in that case that when a verified answer of defendant, contradicting all averments of the complaint is on file, it may be considered by the court for the purpose of determining whether or not there exists a meritorious defense to the action. The case of *Crescent Canal Co.* v. *Montgomery*, 124 Cal. 134, 143 [56 Pac. 797], contains language to the same effect.

[3] In the present action there was on file a verified answer of the defendant in which he denied the allegations of the complaint and set up certain facts as a defense to the action. The complaint alleged that the defendant had received, without right, certain rents and profits of land owned by them and had not accounted therefor. Defendant alleged that during the times mentioned in the complaint he was in possession of the land described in the complaint by virtue of a lease from Edwin R. Park, deceased, whose interest was represented in the present action by his administratrix, and that said Edwin R. Park, deceased, in making said lease to defendant acted for the other plaintiffs, co-owners with him of the land, under authority from them, and that said Edwin R. Park, deceased, had accepted from defendant, on behalf of himself and the other plaintiffs, rent for said land. These allegations were contained in a verified answer of the defendant and the trial court was justified in taking them into consideration in reaching its conclusion that a showing of a meritorious defense had been made by the defendant. The order appealed from is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1924.