[L. A. No. 16921.   In Bank.—November 28, 1940.]

MARY L. BEARD, Respondent, v. FRANK A. BEARD, Appellant.

Euler & Subith, Louis J. Euler and Lois R. Mead for Appellant.

Luther F. Opelt for Respondent.

TRAYNOR, J.—Respondent brought suit against appellant in the Superior Court of Los Angeles County on a judgment for payment of alimony secured in the Circuit Court of the State of Oregon. Appellant filed a cross-complaint alleging that the original alimony decree had been entered pursuant to a stipulation between the parties calling for payments for a period of only two years and that such payments had been made, and asking for a determination of his rights and duties under the stipulation and original judgment. The cross-complaint was duly served on respondent's attorney but respondent failed to file an answer. The court entered a default judgment declaring that appellant was ''entitled to a satisfaction of said [prior] judgment and a release from further liability thereunder.'' When respondent's original cause came on for trial the appellant set up the judgment on the cross-complaint in defense and was sustained by the court. At this time the attorney for the respondent stated as his reason for failing to answer the cross-complaint: ''You cannot file an answer to a complaint for declaratory relief'', whereupon he was informed of his error by the court. Respondent then filed a motion to set aside the default judgment because of inadvertence, mistake and excusable neglect under Code of Civil Procedure, section 473, alleging that continued negotiations between respondent and appellant for a settlement of their claims out of court had lulled the attorney for the respondent into a sense of security by reason of which he failed to file an answer to the cross-complaint. Accompanying the motion was an affidavit by the respondent's attorney to the effect that the respondent had a good defense to the cross-complaint and appended thereto was a proposed answer to the cross-complaint verified by the respondent's attorney. The court granted the motion to set aside the default judgment. The appellant has appealed from the order granting this motion.

The right to set aside a default judgment within six months of entry for inadvertence, mistake, and excusable neglect under Code of Civil Procedure, section 473, is a matter largely within the discretion of the trial court and will not be disturbed on appeal in the absence of a clear showing that this discretion has been abused. (*County of Los Angeles* v. *Lewis*, 179 Cal. 398 [177 Pac. 154] ; *Waite* v. *Southern Pac. Co.*, 192 Cal. 467 [221 Pac. 204] ; *Brooks* v. *Nelson*, 95 Cal. App. 144 [272 Pac. 610] ; *Weck* v. *Sucher*, 96 Cal. App. 422

[274 Pac. 579].) ▉ In the present case the trial court found that there was a sufficiently reasonable excuse to justify the setting aside of the default judgment, apparently on the basis of respondent's allegation that the continued negotiations between the respondent and appellant had lulled the respondent's attorney into a sense of security. This exercise of discretion presents no apparent abuse to justify interference by this court. ▉ While it is true, as appellant contends, that ignorance of the law on the part of an attorney is not ordinarily sufficient grounds for setting aside a default judgment under section 473 of the Code of Civil Procedure (*Shearman* v. *Jorgensen,* 106 Cal. 483 [39 Pac. 863]; *Kammerer* v. *Marino,* 66 Cal. App. 720 [226 Pac. 980]; *Alferitz* v. *Cahen,* 145 Cal. 397 [78 Pac. 878]), ▉ the mere fact that respondent's attorney erroneously stated in court that no answer could be filed to a complaint for declaratory relief does not bar respondent from asserting other grounds for setting aside the default which the court might find sufficient.

▉ Before the trial court can be called upon to exercise its discretion in relieving from a default judgment, however, the party in default must show not only a good excuse for his default, but also, that he has a meritorious defense to 'the action. (*Brooks* v. *Nelson, supra*; *Nickerson* v. *California Raisin Co.,* 61 Cal. 268; *Greenamyer* v. *Board of Lugo E. S. District,* 116 Cal. App. 319 [2 Pac. (2d) 848]; *Doyle* v. *Rice Ranch Oil Co.,* 28 Cal. App. (2d) 18 [81 Pac. (2d) 980]; *Morgan* v. *McDonald,* 70 Cal. 32 [11 Pac. 350].) ▉ The showing of meritorious defense is usually made either by additional affidavit or by a copy of the proposed verified pleading which is required by section 473 to accompany the application. ▉ If an affidavit of meritorious defense is presented, it must state the client's belief in the merits of his case, and it must show that he has fully and fairly stated the facts of the case to his attorney, in which situation the advice of counsel amounts to a *prima facie* showing of merit. (*Janson* v. *Bryant,* 52 Cal. App. 505 [199 Pac. 542]; *Nickerson* v. *California Raisin Co., supra*; *Greenamyer* v. *Board of Lugo E. S. District, supra*; *Ross* v. *San Diego Glazed C. P. Co.,* 50 Cal. App. 170 [194 Pac. 1059]; *Pingree* v. *Reynolds,* 23 Cal. App. (2d) 649 [73 Pac. (2d) 1266]; *Andrews* v. *Jacoby,* 39 Cal. App. 382 [178 Pac. 969]; *Gill* v. *Peppin,* 41 Cal. App. 487 [182 Pac. 815].) In the present case, the affidavit filed

by the attorney for respondent is defective in that it fails to show respondent had fully and fairly stated all the facts of the case to her attorney, the only averment in this regard being "That plaintiff had a good defense to said cross-complaint." (*Ibid.*) There was appended to the affidavit, however, ▉ a proposed answer by respondent to the cross-complaint properly verified by her attorney as respondent was out of the state. (Code Civ. Proc., sec. 446.) ▉ In his verification respondent's attorney stated "that he has read the foregoing answer and knows the contents thereof, and that the same is true of his own knowledge." The filing of such a proposed answer is clearly a proper method of showing a meritorious defense (*Salsberry* v. *Julian,* 98 Cal. App. 638, 639 [277 Pac. 516]; *Savage* v. *Smith,* 170 Cal. 472 [150 Pac. 353]; *Sampanes* v. *Chazes,* 54 Cal. App. 612 [202 Pac. 462]; *Park* v. *Hillman,* 67 Cal. App. 92 [224 Pac. 100]), and since the attorney in his verification stated that the contents were true to his knowledge, all necessary requirements were met.

The proposed answer denied the allegation in the cross-complaint that appellant had fully performed all the terms and conditions of the alimony judgment and was entitled to a release from further liability, thereby clearly raising an issue of fact and law which the court was justified in holding a meritorious defense.

The order of the trial court is affirmed.

Shenk, J., Houser, J., Curtis, J., Edmonds, J., and Gibson, C. J., concurred. Carter, J., concurred in the conclusion reached.

Rehearing denied.