[Civ. No. 11785.   First Dist., Div. Two.   Dec. 29, 1941.]

ZELDA SCHOENFELD et al., Appellants, v. RENA GER-
SON, Respondent.

Irving C. Sugarman, Louis L. Bernheim and Herbert Chamberlin for Appellants.

Edward Levin for Respondent.

NOURSE, P. J.—Plaintiffs appeal from a minute order and a written order granting defendant's motion to set aside a default and default judgment.

Plaintiffs, beneficiaries of an express trust, filed a complaint on October 31, 1940, to enforce the trust and to recover damages from the trustee for her alleged misconduct. The summons was served on November 4, 1940. Defendant subsequently procured three orders of court extending to December 16, 1940, her time to plead to the complaint. On December 14, 1940, she served on plaintiffs a "notice of Motion to Stay Proceedings" until plaintiffs paid judgments for costs in the sum of $160 entered in favor of defendant in a prior proceeding between the parties involving the same subject matter; the notice of motion stated that the motion would be heard on December 24, 1940. An accompanying affidavit by former counsel for defendant recited that the prior action had been tried twice and was finally dismissed by plaintiffs; the affiant alleged upon information and belief that plaintiffs were motivated by malice and were deliberately harassing defendant. On December 14, 1940, the presiding judge of the superior court made the following order at the foot of defendant's notice of motion to stay proceedings: "Good cause appearing therefor, it is hereby ordered that defendant may have five days from and after ruling on motion to stay pro-

ceedings in the above entitled matter in which to demur, move, answer or otherwise plead to plaintiffs' complaint on file herein.''

Upon application of plaintiffs the clerk of the court entered the default of defendant on December 20, 1940, and the court entered a judgment by default in favor of plaintiffs in an amount in excess of $23,000 on December 27, 1940. Defendant's motion to stay proceedings was never heard, but, on December 21, counsel for plaintiffs notified counsel for defendant in writing that they would not be present in court to oppose the motion. On January 3, 1941, defendant filed a ''Notice of Motion to Set Aside Default'' on the grounds that the default was prematurely entered, that the default and judgment were entered through mistake, inadvertence, surprise and excusable neglect on the part of the clerk of the court and of defendant and her counsel, and that the judgment was rendered in favor of Harry M. Goldberg, as trustee, plaintiff, who was not a party plaintiff in the action. The notice of motion was accompanied by a demurrer and a verified answer which defendant proposed filing. Three affidavits were filed in support of the motion. Defendant's affidavit recited that because of the illness of her former attorney she had employed other counsel to represent her subsequent to the time that she received a copy of the summons and complaint and that she had left the matter of pleadings and defense to said action to him. Said counsel stated in his affidavit that when he secured the order of December 14, 1940, from the presiding judge through his inadvertence it was caused to read only as an extension of time, whereas he was under the belief that it was a temporary restraining order staying all proceedings pending the hearing of the motion; he therefore concluded that it was impossible for him to file a pleading prior to the entry of the default. On January 7, 1941, the court entered its minute order granting defendant's motion to set aside the default. Thereafter the court signed a written order granting the motion to set aside the default and the default judgment in favor of plaintiffs and permitting defendant to file her proposed demurrer and answer. Plaintiffs appeal from both orders.

The single issue presented on this appeal is whether the trial court abused its discretion in granting respondent's motion to set aside the default and the judgment entered thereon. It is appellants' contention that there was such an abuse of

discretion because the default was not entered prematurely and because it was not entered through mistake, inadvertence, surprise or excusable neglect of the clerk, or of defendant and her counsel.

The authorities are unanimous to the effect that motions for relief from default under section 473 of the Code of Civil Procedure are addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse the exercise of that discretion will not be interfered with by an appellate court (*McNeil* v. *Blumenthal,* 11 Cal. (2d) 566, 567 [81 Pac. (2d) 566]; *Stub* v. *Harrison,* 35 Cal. App. (2d) 685, 689 [96 Pac. (2d) 979]; 14 Cal. Jur. 1072 and cases cited therein). Because of this well settled principle of law the appellate tribunals follow the practice of not disturbing the action of a trial court in any case where there is room for doubt as to the sufficiency of the excuse for a default (*Coleman* v. *Rankin,* 37 Cal. 247, 249; *Bailey* v. *Taaffe,* 29 Cal. 422, 424).

Appellants argue that the default was not entered prematurely because the order made by the presiding judge on December 14, 1940, was either an extension of time to plead to the complaint which was in excess of the power conferred upon the court by section 1054 of the Code of Civil Procedure or a restraining order which was invalid under section 527 of the Code of Civil Procedure, and in either case did not constitute a valid order to prevent the entry of the default.

It is not necessary to decide either of these questions in the manner presented. The trial court had inherent power to stay the proceedings pending the payment of the judgment for costs in the prior action. (*Weile* v. *Sturtevant,* 176 Cal. 767 [169 Pac. 685].) Whether such action is to be treated as an injunction under the terms of section 527 of the Code of Civil Procedure or as a common law order of abatement, we need not decide. If it be treated as an injunction we find no excess of jurisdiction in the order made. The code section provides that no "preliminary injunction" shall be granted without notice. Such notice was duly given. The same section provides that no "temporary restraining order" shall be granted without notice unless injury would result before the matter could be heard. We must assume that the trial court was duly informed of the probable injury. It provides that when a "temporary restraining order" is granted without notice it shall be accompanied by an order to show cause. Now the notice served upon the plaintiffs set a definite day and

hour, and the place and court, when and where a motion would be made "for an order staying all proceedings" until the other judgments were paid. Such notice is the legal equivalent of an order to show cause why such order should not be made at the time and place designated. (*McAuliffe* v. *Coughlin,* 105 Cal. 268, 270 [38 Pac. 730].)

■ The motion was noticed for December 24th; the order complained of was entered on December 14th; the default was taken on December 20th. In entering the default the plaintiffs had full notice that the defendant was seeking the relief stated in her notice of motion and was not willingly delaying the proceedings or surrendering her legal rights. When therefore the motion to set aside the default was heard the trial court was confronted with a situation presenting either a mistake, an inadvertence, or misunderstanding of the nature and effect of the prior proceedings on the part of counsel for both sides. Whether on the hearing of the motion to set aside the default the trial judge took the view that the order of December 14th was merely an extension of time to plead or whether it took the view that it was a temporary restraining order effective only for the ten day period until the motion for a preliminary injunction could be heard we do not need to conjecture. It is sufficient to say that the trial court had before it the uncontroverted affidavit of respondent's present attorney which recited that he had requested the presiding judge to issue a restraining order staying all proceedings in the action pending the hearing of the motion to stay proceedings, that he was inadvertently under the belief that the order of December 14, 1940, was such a temporary restraining order, and that it was therefore impossible for him to file a pleading on behalf of respondent prior to the entry of default. ■ Although *ignorance* of the law on the part of an attorney is not ordinarily a sufficient ground for setting aside a default judgment under section 473 of the Code of Civil Procedure (*Beard* v. *Beard,* 16 Cal. (2d) 645, 648 [107 Pac. (2d) 385]), it is well settled that a court has discretion to grant relief from an attorney's *mistake* of law as to the legal effect of an order of the court. (*Williams* v. *Thompson,* 60 Cal. App. 658, 660 [213 Pac. 705]; *Mitchell* v. *California & Oregon Coast Steamship Company,* 156 Cal. 576, 580 [105 Pac. 590]; *Broderick* v. *Cochran,* 18 Cal. App. 202, 204 [122 Pac. 972]; see also examples cited in 14 Cal. Jur. 1044 where the courts have set aside defaults for vari-

ous mistakes on the part of attorneys.) ▋ The trial court could properly have decided that the default was entered through a mistake on the part of respondent's attorney of the legal effect of the order, and it committed no error in setting aside the default, or at least, it did not abuse its discretionary power in treating this as a proper case for relief.

The orders appealed from are affirmed.

Spence, J., and Dooling, J., *pro tem.*, concurred.