one month and 15,902,300 cubic feet in any one year.'' As so modified, the judgment is affirmed.

Griffin, J., concurred.

A petition for a rehearing was denied September 28, 1943.

[Civ. No. 12537.   First Dist., Div. One.   Aug. 31, 1943.]

ANTHONY BONFILIO, Appellant, v. SAM J. GANGER et al., Respondents.

Jos. H. Huberty for Appellant.

Virgil M. Airola for Respondents.

WARD, J.—This appeal involves the setting aside and vacating of a default and judgment by default, and presents for determination the question of an alleged abuse of discretion by the trial court in granting said relief on the grounds specified in Code of Civil Procedure, section 473.

The motion to set aside the default and judgment thereon were made upon the record and affidavits, counter-affidavits and the proposed answer to the complaint, and these

now comprise for the most part the transcript on appeal. The complaint herein is not a part of the record. The answer, which accompanied the motion and the order setting aside the default judgment admits or denies allegations in certain paragraphs of the complaint and also sets up specific matters of defense. In the absence of the complaint from the record, we must assume the correctness of the special allegations of the answer. Accordingly on appeal it must be assumed that defendants have a meritorious defense.

From the affidavits, etc., it appears that the action was commenced October 31, 1939, and that service on the various defendants was completed on November 12, 1939. The purpose of the action as gleaned from the affidavits and answer seems to be to enjoin the defendants from discharging sewage upon plaintiff's land, and to quiet title. Approximately a year and a half after the filing of the complaint a demurrer was filed and subsequently overruled. During this period, except for the filing of two stipulations extending time to plead, nothing of record appears to have taken place. Notice of overruling of demurrer with the usual ten days to answer was served on July 8, 1941. It appears from an affidavit by plaintiff's attorney that on July 22, 1941, following telephone requests by him to file an answer, he advised defendants' attorney by mail that an answer must be filed within five days "to prevent the taking of a default." On July 29, 1941, the court made an order granting defendants to and including August 4, 1941, within which to answer. This order was filed July 30, 1941. On August 14, 1941, the default of the defendants was entered; judgment was entered thereon October 23, 1941 and recorded two days later. On April 14, 1942, defendants filed a motion to set aside the default, which was granted eight days later.

Up to this point had the court denied the motion to vacate the default and set aside the judgment, a reviewing court would probably have been forced to uphold the order, as the law ordinarily charges the litigant with the negligence of his agent, namely, his attorney, and the discretion of the trial court is seldom disturbed. If the neglect to plead was the result, in whole or in part, of the act or conduct of the opposing litigant or his attorney, then it could well be held, depending upon the circumstances of the case, that an order granting the motion would not be an abuse of discretion.

In the present case the motion to vacate was granted, and

so we must proceed to determine whether the court thereby abused its discretion. It appears from an affidavit signed by defendants that some time after filing the action it was agreed between the litigants "that the plaintiff . . . would not force said action to trial or proceed further in the matter" if the citizens of the area involved, Valley Springs in Calaveras County, would organize a sanitary district and endeavor to install a sewage disposal plant that would meet with the approval of the State Department of Public Health; that this information was conveyed to defendants' attorney, and he was directed by his clients to act in accordance therewith until otherwise advised; that the sanitary district was formed at considerable expense of time and money, and approved by the State Department of Health; that the cost of the project as set forth in an application to the Works Projects Administration of the Federal Government, through which agency the major portion of the cost was to be procured, was approximately $23,000; that defendants were advised that the application was approved by the Works Projects Administration, but that they were informed and believed that further negotiations were *suspended* as a result of the transfer of the country's resources to projects closely related to the prosecution of the present war. The affiants further averred that no notice of any kind was given them or to the Valley Springs Sanitary District of a change of attitude on the part of plaintiff. The above facts are substantially corroborated by an affidavit by the attorney for defendants.

Plaintiff filed an affidavit denying any agreement, oral or otherwise, that he would not proceed with the action. His attorney also filed an affidavit that the prosecution of the case rested entirely with him and that he had never agreed "nor did he ever have any understanding" with any person that plaintiff would not proceed diligently with the action.

From the facts and circumstances presented, the court was justified in concluding that there was an agreement to delay the prosecution of the action. At some expense defendants organized the sanitary district. Plaintiff waited a year and a half before insisting upon an appearance by defendants. Defendants' affidavits could be accepted as a true recitation of the facts or rejected. A second affidavit filed by the attorney for plaintiff as furnishing "further explanation of the attitude of plaintiff" set forth that he had talked with one of the parties interested in the formation of the sanitary district, also on divers occasions with the attorney for defendants, to

whom he stated that plaintiff was willing to assist in the acquisition of a triangular piece of land and that the unsanitary condition must be corrected and controlled voluntarily or by court action, and that the former procedure "was to be preferred to the latter." Affiant further stated that he did not specifically represent that no further court proceedings would be had until further notice was given by him. Affiant also stated that when it appeared "that no government aid would be obtained for the completion of said proposed sewer project," he insisted that defendants' attorney file an appearance. As a matter of fact it does not appear that the application for federal financial aid was ever rejected. Rather, the facts are that the funds were diverted into other channels necessary to the conduct of the war.

Appellant contends that if respondents or their attorney were acting under the impression that it would not be necessary to proceed with the court action, such impression was dispelled by two letters directed to the attorney, particularly the communication dated July 22, 1941, referring to the probability of the entry of a default. Up to the receipt of the letters, it may be admitted by all concerned that the negotiations for a settlement of the matter out of court through the formation of the sanitary district, and the honest efforts of defendants to complete and operate the project, lulled defendants into a sense of security (*Beard* v. *Beard,* 16 Cal.2d 645 [107 P.2d 385]), which justified them in notifying their attorney not to proceed further in the action until so directed by defendants. An order granting a motion to set aside a default would under such circumstances not be disturbed on appeal.

The action of defendants' attorney in not communicating with his clients immediately upon receipt of the letters, in view of the uncontradicted averment that the defendants had directed him not to proceed until they notified him, does not, as the record is studied, assume such importance as at first appears. Nor is the remissness, if any, of such attorney in delaying the filing of a motion to vacate the default judgment under section 473 vital to the determination of the question on appeal. Under decisions in this state, the trial court may have been correct in its conclusion, if it did so conclude, that the neglect was excusable by reason of a change in the attorney's office personnel, as averred in affidavits. The credence to be accorded to the affidavits, if in conflict, is a matter

entirely within the discretion of the trial court. (*Savings Bank* v. *Schell*, 142 Cal. 505 [76 P. 250].)

In *Mitchell* v. *California etc. S. S. Co.*, 156 Cal. 576 [105 P. 590], wherein the mistake or neglect of an attorney's clerk in obtaining orders extending time was held to be excusable, the court (pp. 578-579) said: "The tendency of this court has always been to relieve parties from their defaults and mistakes, upon proper showing, to the end that matters may be heard upon the merits." (*Pollitz* v. *Wickersham*, 150 Cal. 238 [88 P. 911]; *Schoenfeld* v. *Gerson*, 48 Cal.App.2d 739 [120 P.2d 674].) If the mistake may reasonably be held to be excusable, and relief from the default will promote justice by the determination of the issues upon the merits, the motion should be granted. (*Stonesifer* v. *Kilburn*, 94 Cal. 33 [29 P. 332]; *In re Mercereau*, 126 Cal.App. 590 [14 P.2d 1019]; *Waybright* v. *Anderson*, 200 Cal. 374 [253 P. 148].)

In California, following the general common law rule, to modify or vacate judgments during the term, the power of courts to control their judgments is regulated by statute specifying a time limit and leaving the matter to the discretion of the court in the interest of substantial justice to set aside its judgments. (Code Civ. Proc., sec. 473; *Olivera* v. *Grace*, 19 Cal.2d 570 [122 P.2d 564, 140 A.L.R. 1328]; *Bodin* v. *Webb*, 17 Cal.App.2d 422 [62 P.2d 155].) Section 473 is remedial and should be liberally construed and applied to the end that one who has a meritorious defense may be given an opportunity to present it. (*Nicoll* v. *Weldon*, 130 Cal. 666, 667 [63 P. 63].) Unless the order of the trial court, and the record, indicate a clear abuse of discretion, reviewing courts will not interfere, and in the court where the motion is heard doubts should be resolved in favor of the application as "The policy of the law is to have every litigated case tried upon its merits." (*Bodin* v. *Webb, supra*, p. 425; *Beard* v. *Beard, supra*; 14 Cal.Jur. 1009 et seq.)

There is no claim that appellant has been prejudiced as a result of the order vacating the judgment, or injured as a result of delay in the application therefor. Under the provisions of section 473 an application to answer the original action must show upon its face a good defense on the merits, and therefore the proposed answer accompanying the application may be considered on the motion. On the present appeal there is no claim that respondents do not have a meritorious defense.

As stated, the complaint herein is not a part of the record on appeal. The allegations of the answer admitting and denying certain paragraphs and parts thereof are therefore in part unintelligible, but as a separate defense it appears that all defendants appearing on the application claim an easement and right of way across the lands of plaintiff, and some of them allege in the answer under oath that on a date prior to the filing of the complaint plaintiff and defendants entered into an agreement whereby plaintiff granted and conveyed an easement and right of way in writing for the maintenance of a ditch for the purpose of conducting drainage and other waters and fluids from the premises of defendants, and defendants caused to be constructed a fence on one side of the ditch to prevent plaintiff's livestock from having access to the ditch. The answer further alleges: ''That in pursuance of said agreement aforesaid and for the purpose of carrying out the terms and provisions thereof the said defendants have, at substantial cost and expense to themselves, constructed said ditch aforesaid and continuously maintained the same ever since and said plaintiff has constructed said fence aforesaid and has used and expended the said moneys paid to him by defendants for said purpose and said plaintiff and said defendants at all times since entering into said agreement aforesaid and since the execution of said agreement and conveyance in writing aforesaid have duly performed each and all of the acts and things agreed by them to be done and do now continue so to do.''

The judgment is in the form of a permanent injunction and makes no reference to the easement. The record does not disclose, and appellant has not on this appeal claimed, that at the hearing the trial court was informed of the existence of the easement. If the court was so informed it is reasonable to infer that the judgment would have contained a reference to respondents' right of way. If the court was not so informed, the primary reason for the order vacating the judgment is readily ascertainable. In any event the claim of an easement no doubt will result in further litigation which the trial court had a right to consider for the purpose of avoiding multiplicity of actions.

Eliminating the question of defendants' alleged right of way, and assuming that plaintiff's complaint is based upon maintenance of a nuisance or upon some other theory, the court had before it the affidavits of the opposing parties. The

conditions complained of had evidently existed for over a quarter of a century. Plaintiff had not been diligent in filing or in prosecuting the action, evidently for the reason that it was assumed the litigants would arrive at a settlement by the creation of a sanitary project which it was hoped would relieve all parties of further litigation. The trial court had a right to consider all questions involved, including the alleged negligence of defendants' attorney. We cannot say that upon the record the court could not reasonably conclude that such neglect was excusable under all the circumstances nor consequently that there was such an abuse of discretion as to require a reversal. In *Brooks* v. *Nelson,* 95 Cal.App. 144, 148 [272 P. 610], the court said: "The granting or denying of a motion of this character is so largely a matter of discretion with the trial court that, unless it is clearly made to appear that there has been an abuse of this discretion, this court will decline to set aside the trial court's order. (*Nicoll* v. *Weldon,* 130 Cal. 666 [63 P. 63]; *Staley* v. *O'Day,* 22 Cal.App. 149 [133 P. 620]; *Jones* v. *Southern Pacific Co.,* 71 Cal.App. 773 [236 P. 336]; *Jerkins* v. *Schenck,* 162 Cal. 747 [124 P. 426]; *Savage* v. *Smith,* 170 Cal. 472 [150 P. 353]; *Waite* v. *Southern Pacific Co.,* 192 Cal. 467 [221 P. 204]; *Brasher* v. *White,* 53 Cal.App. 545 [200 P. 657]; *Toon* v. *Pickwick Stages,* 66 Cal.App. 450 [226 P. 628]; *Rahn* v. *Peterson,* 63 Cal.App. 199 [218 P. 464]; *Park* v. *Hillman,* 67 Cal.App. 92 [224 P. 100]; *Sofuye* v. *Pieters-Wheeler Seed Co.,* 62 Cal.App. 198 [216 P. 990].)'' (See, also, *Beard* v. *Beard, supra; Dunn* v. *Standard Acc. Ins. Co.,* 114 Cal.App. 208 [299 P. 575]; *Olivera* v. *Grace, supra; Mitchell* v. *California etc. S. S. Co., supra; Bodin* v. *Webb, supra; Nicoll* v. *Weldon, supra,* and other cases cited above.)

In *Stub* v. *Harrison,* 35 Cal.App.2d 685, 690 [96 P.2d 979], the court said: "It has therefore been frequently held that default judgments may be set aside under section 473 of the Code of Civil Procedure where the default has been suffered by reason of the excusable neglect of the attorney. On appeal from an order granting relief under section 473 of the Code of Civil Procedure all presumptions will be indulged in favor of the correctness of the trial court's action and the burden in all cases is upon the appellant to make it appear that the court's discretion was abused in making the order."

Irrespective of the mistake of judgment of the attorney for defendants in failing to notify his clients of the threatened default, the question in this case is—did the order vacating

the judgment, under all the circumstances of the case—aid or defeat the administration of justice?

The order is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing was denied September 30, 1943, and appellant's petition for a hearing by the Supreme Court was denied October 28, 1943.