[Civ. No. 14832.   Second Dist., Div. Three.   Oct. 17, 1945.]

THOMAS C. HADGES et al., Appellants, v. NICK KOURIS et al., Respondents.

Thomas C. Hadges, Demosthenes Hadges and George Hadges, in pro. per., for Appellants.

Alfred R. Meyers for Respondents.

DESMOND, P. J.—Plaintiffs appeal from an order granting defendant's motion, instituted under section 473, Code of Civil Procedure, to set aside a default and default judgment for failure to answer plaintiffs' complaint and permitting him to plead thereto. In support of the motion three affidavits were filed, together with a copy of a proposed demurrer and a proposed answer on behalf of defendant. A counteraffidavit by Thomas C. Hadges, one of the plaintiffs, was also before the court. The motion came on for hearing on August 25, 1944, was ordered submitted, and on August 29, 1944, the court made its order setting "aside default and default judgment."

The granting or denying of a motion to relieve a party from default under section 473, Code of Civil Procedure, is a matter "addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below" (*Waybright* v. *Anderson* (1927), 200 Cal. 374, 375 [253 P. 148]) ; especially is this true where the trial court grants the relief, after it has been promptly sought, and it does not appear that the plaintiff has sustained any prejudice thereby (*Week* v. *Sucher* (1929), 96 Cal.App. 422, 424-425 [274 P. 579]).

The record in the present case indicates that on December 11, 1940, defendant (then plaintiff) recovered a judgment from plaintiffs (then defendants) in the municipal court in an action based upon (1) an open book account for goods, wares and merchandise sold and delivered and (2) an account stated for a balance due for goods, wares and merchandise sold and delivered. Almost three years thereafter, on November 13, 1943, plaintiffs filed an action in the Superior Court of Los Angeles County seeking to set aside this judgment on the ground of extrinsic fraud. No summons was issued on this complaint. Approximately seven months later plaintiffs amended their complaint. In addition to this

action, two days later, on June 18, 1944, plaintiffs obtained a restraining order, restraining defendant from enforcing the municipal court judgment, which order to show cause was made returnable on June 28, 1944. The summons and complaint, together with the restraining order and order to show cause, were served personally upon defendant in Bingham, Utah, on June 23, 1944, just five days prior to the return date of the order to show cause. Defendant, in his supporting affidavit, stated that after service of the papers upon him he took them to his attorney in Salt Lake City, Utah, for the purpose of arranging ''with Joseph H. Wolf, attorney in Los Angeles, to represent him in the said matter. That he had never seen or spoken to the said Joseph H. Wolf and was not acquainted with him. That it was his intention to visit Mr. Wolf in Los Angeles at the earliest opportunity for the purpose of arranging for representation.'' On June 28th, the date set for the hearing on the show cause order, Joseph Wolf appeared for defendant and succeeded in having the hearing continued to July 31, 1944. In his supporting affidavit, Wolf stated that when he appeared on June 28th he was advised that he would have to pay an appearance fee to enable him to request the continuance, that he paid such fee and signed a general appearance, which was handed to him by the clerk of the court; ''that it was through mistake, inadvertance, surprise, and excusable neglect of affiant that he signed a general appearance for the defendant and that it was his intention to appear only for the purpose of a continuance.''

In his supporting affidavit, defendant further stated that he had been advised that the order to show cause ''and all other proceedings'' had been continued to July 31, 1944; that he was unable to come to Los Angeles until July 28, 1944, and on that date he conferred with attorney Wolf but was unable to reach an employment agreement with him; that although thereafter he was referred to Alfred R. Meyers he was unable to contact him until 9 o'clock of July 31, 1944; that they both went immediately to Department 34 for the hearing on the order to show cause and for the first time learned that a default had been entered; ''That he had been advised that he had ninety days within which to answer the complaint, from the date of service. . . . That the said default was entered through the mistake, inadvertence, surprise and excusable neglect of affiant in his failure to make provision for representation to avoid entry of default. That

affiant herein never engaged any attorney to enter his appearance in the said action, or to waive any of the time allowed him by law for filing an appearance, or answer to the said complaint, and that when he arranged with his attorney in Salt Lake City, to arrange with . . . local counsel to appear at the date set for the first hearing of the Order to Show Cause it was not his intention to authorize the said attorney to file a general appearance.'' When the order to show cause was called on July 31, 1944, the court advised defendant's counsel, Alfred Meyers, that a default had been entered on July 25, 1944, six days previously, and that he could not appear before the court without first setting aside the default, then granted the preliminary injunction, and on August 1, 1944, signed a default judgment, annulling and setting aside the municipal court judgment of 1940 and permanently enjoining defendant from enforcing the same. Two days later, on August 3d, defendant filed a notice of motion to ''SET ASIDE DEFAULT AND RULING ON INJUNCTION'' and on August 4th filed a notice of motion to ''SET ASIDE DEFAULT JUDGMENT.''

Defendant's present counsel, Alfred Meyers, also filed a supporting affidavit in which he corroborated defendant in the details of his employment and the discovery of the entry of the default. He stated further that he called Joseph Wolf, the attorney who had filed the general appearance on behalf of defendant, and learned that Saul Bernard, the attorney who had represented the present defendant as plaintiff in the municipal court action, was in the Army and that the matter had been referred to Wolf by Bernard's former associate. ''That . . . the defendant, speaks English poorly and advised affiant that he had been advised that he had ninety days within which to answer and that it was his intention when he was advised that Saul Bernard was no longer practicing law, to engage Joseph H. Wolf only for the purpose of appearing at the original date set for the hearing on the Order to Show Cause, it being Mr. Kouris' intention to later complete arrangements personally for his representation in connection with the trial of the matter. . . .'' Meyers stated further that he questioned the defendant at great length concerning the present action, as well as the municipal court action; that he asked defendant if he had fully and fairly stated all of the facts to him and was advised by defendant that he had done so; and that he believed defendant had a good and substantial defense to the present action.

■ Plaintiff Thomas C. Hadges' counteraffidavit contradicted certain statements contained in the supporting affidavits, but on appeal, where such conflict exists, the action of the court below is conclusive and will not be disturbed (*Waybright* v. *Anderson, supra; Patterson* v. *Keeney* (1913), 165 Cal. 465, 466 [132 P. 1043, Ann.Cas. 1914D 232]).

■ Nothing in the record indicates any lack of diligence or indifference on the part of the defendant in protecting his rights after service of the papers upon him; on the contrary, it appears that defendant acted promptly, and particularly so upon discovery of the default. In addition, the proposed pleadings filed by defendant set up a meritorious defense to the action. Under the circumstances, we are of the opinion that the trial judge properly granted relief from the judgment which was taken against the defendant "through his mistake, inadvertence, surprise or excusable neglect."

Order affirmed.

Shinn, J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied November 14, 1945, and appellants' petition for a hearing by the Supreme Court was denied December 13, 1945.