[Civ. No. 15475.   Second Dist., Div. Three.   Dec. 4, 1946.]

H. C. FICKEISEN, Respondent, v. BYRON PEEBLER et al., Appellants.

Roland Maxwell for Appellants.

H. A. Andrews for Respondent.

KINCAID, J. pro tem.—The appeal of the defendants Byron and Ethel M. Peebler, taken herein is from the order made on January 14, 1946, granting plaintiff's motion under section 473, Code of Civil Procedure, to vacate judgment, set aside the default, add new defendants and have summons issue. The action out of which such motion arises is one of a succession in the litigious history of a small cemetery known as Olive Lawn Memorial Park located near Norwalk, California. (*Graceland* v. *Peebler* (1942), 50 Cal.App.2d 545 [123 P.2d 527]; *Peebler* v. *Olds* (1942), 56 Cal.App.2d 8 [132 P.2d 233]; *Peebler* v. *Olds* (1942), 56 Cal.App.2d 13 [132 P.2d 236]; *Olds* v. *Peebler* (1944), 66 Cal.App.2d 76 [151 P.2d 901]; *Peebler* v. *Olds* (1945), 71 Cal.App.2d 382 [162 P.2d 953]; *Peebler* v. *Olds* (1946), 28 Cal.2d 402 [170 P.2d 1].)

The plaintiff herein, in the capacity of trustee in bankruptcy of Graceland, a corporation, brought this suit against

defendants for an accounting and to quiet title, claiming the ownership in the corporation of such cemetery property. The defendants Peebler answered, denying all allegations as to plaintiff's claim of right or title therein and set up numerous affirmative defenses terminating with a prayer that plaintiff take nothing and for the affirmative relief that it be adjudicated that Graceland has no right, title or interest whatsoever in or to the real property described in the complaint.

The above described motion was served and filed within one month of the rendition of judgment and was made upon the record of the case and the affidavit of J. M. Danziger, filed both in his capacity as attorney for the plaintiff and president of the bankrupt corporation. The motion was opposed by an affidavit of defendants' counsel. From such affidavits and other brief record on appeal it appears that the case was regularly set and noticed for trial on August 31, 1945, and although plaintiff's counsel, several days prior to such date, requested the consent of defendants' attorney to a continuance of the trial, the latter refused. On August 28, 1945, Danziger advised plaintiff, his client, that in order to properly maintain the quiet title action herein it would be necessary to bring in additional parties as defendants and that because of this fact the case should be dismissed without prejudice. Danziger thereupon on said date, in accordance with the instructions of his client, filed with the county clerk a written dismissal of the action without prejudice and on the following day a copy thereof was served upon defendants' attorney. The latter, upon receiving such notice, proceeded to the office of the county clerk and called to the attention of that official the fact that the answer of defendants included a prayer for affirmative relief thus preventing the acceptance of such dismissal for filing. On August 31, 1945, the defendants and their counsel appeared in court for the trial but plaintiff and his attorney did not so appear. Defendants' attorney then telephoned to Danziger and advised him that he had better have the plaintiff appear as the case was going to trial. Upon Danziger's reply to the effect that the case had been dismissed, defendants' attorney told him that defendant was going to proceed to trial and Danziger replied, ''go ahead and do as you like.'' The first notice which plaintiff or his counsel received of the refusal of the clerk to accept the dismissal of the action for filing was through letters from the clerk on September 5 and 6, 1945, officially advising them of this fact.

Such of the foregoing facts as occurred on and before August 31, 1945, were called to the attention of the trial judge by defendants' counsel and the latter's request for permission to introduce evidence pursuant to the affirmative defenses of the answer, and for affirmative relief, was granted. After receipt of such evidence the trial judge ordered judgment in defendants' favor.

"The granting or denying of a motion to relieve a party from default under section 473, Code of Civil Procedure, is a matter 'addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below' (*Waybright* v. *Anderson* (1927), 200 Cal. 374, 375 [253 P. 148]); especially is this true where the trial court grants the relief, after it has been promptly sought, and it does not appear that the plaintiff has sustained any prejudice thereby (*Weck* v. *Sucher* (1929), 96 Cal.App. 422, 424-425 [274 P. 579])." *Hadges* v. *Kouris* (1945), 71 Cal.App.2d 213, 214 [162 P.2d 476]. See *Beard* v. *Beard* (1940), 16 Cal.2d 645, 647 [107 P.2d 385]; *Bonfilio* v. *Ganger* (1943), 60 Cal.App.2d 405, 410 [140 P.2d 861].) "Because of this well settled principle of law the appellate tribunals follow the practice of not disturbing the action of a trial court in any case where there is room for doubt as to the sufficiency of the excuse for a default. . . ." (*Schoenfeld* v. *Gerson* (1941), 48 Cal.App.2d 739, 742 [120 P.2d 674].)

In the present case the motion to vacate the judgment was promptly made. Although other extraneous matter is contained in the affidavits the motion quite evidently was granted by the trial judge upon the basis of the showing by plaintiff of his reliance upon the act of serving on opposing counsel, and leaving with the county clerk for filing, a dismissal of the action as having the effect of terminating the same without the necessity of a personal appearance at the time and place of trial. The oversight of plaintiff's attorney in failing to realize that the prayer for affirmative relief in the answer would prevent the filing of such dismissal by the clerk could have been recovered by him in time to have presented himself and client at the trial scene if either the clerk or opposing counsel, both of whom had knowledge, had advised him of the fact.

Although ignorance of the law on the part of an attorney is not ordinarily a sufficient ground for setting aside

a default judgment under section 473, Code of Civil Procedure, it is a recognized rule that the court will, in a proper case, grant relief against a mistake of law which has resulted in a situation like that which here confronts the plaintiff. (*Schoenfeld* v. *Gerson, supra,* 48 Cal.App.2d 739, 743; *Bonfilio* v. *Ganger, supra,* 60 Cal.App.2d 405, 410; *Beard* v. *Beard, supra,* 16 Cal.2d 645, 648; *Williams* v. *Thompson* (1923), 60 Cal.App. 658, 660 [213 P. 705].) Under the existing conditions here shown the trial judge was justified in holding the mistake to have been excusable.

■ Before plaintiff can place himself in a position whereby he may properly ask the trial court to exercise its discretion in his favor, however, he must show not only a good excuse for the default of his appearance at the trial, but also that he has a meritorious defense to the affirmative matter contained in defendants' answer. In making this showing plaintiff herein has not only the benefit of the provisions of section 462, Code of Civil Procedure, whereby the statement of any new matter in the answer in avoidance or constituting a defense or counterclaim must be deemed to be controverted by him, but plaintiff also has on file his verified complaint wherein facts are alleged showing his bankrupt principal to be the owner of the real property in question and defendants to be without any right, title or interest whatsoever therein or thereto. (*Beard* v. *Beard, supra,* pp. 648, 649; *Salsberry* v. *Julian* (1929), 98 Cal.App. 638, 642 [277 P. 516].)

■ In addition to these factors the trial judge had before him for consideration, in ruling upon such motion, the above mentioned affidavit of merits of J. M. Danziger. In both the capacity of attorney for plaintiff and as president of the bankrupt corporation for which plaintiff appears as trustee, affiant states that he is familiar with all the facts and it is his own belief, as well as his advice to his client, that plaintiff has a good and sufficient legal defense to any and all of the claims asserted by defendants to any part of the real property which is the subject of the controversy. He then sets forth allegations by way of defense to defendants' claims which, if supported by proof and believed by the trial court, would constitute a defense thereto, either in whole or in part. The affidavit of the attorney for defendants contradicts portions of such allegations, but on this appeal, the action of the trial judge in resolving the conflict will not be disturbed. (*Hadges* v. *Kouris, supra,* 71 Cal.App.2d 213, 217.)

The defendants have failed to make any showing whereby they have sustained any prejudice by the order of the court appealed from. Under all of the existing circumstances it appears that the act of the court in vacating the judgment was a proper one and that justice will be promoted by giving the parties an opportunity to determine the issues upon the merits.

The order appealed from is affirmed.

Desmond, P. J., and Shinn, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied January 30, 1947.