[Civ. No. 14242. First Dist., Div. One. Aug. 28, 1950.]

ROBERT S. BISHOP, Appellant, v. ALFRED BABCOCK et al., Respondents.

Robert L. Ward and Frank C. S. Pedersen for Appellant.

Thomas B. Richardson for Respondents.

WOOD (Fred B.), J.—This is an appeal by plaintiff from an order vacating a judgment against defendants and permitting them to file their answer and cross-complaint in the action.

On February 17, 1949, appellant commenced an action for an accounting and dissolution of a partnership and for $9,592.17 as advances made by him in excess of his partnership interest.

The complaint was served upon respondents Alfred Babcock and Ernest N. Milam on February 18 and upon Mary Babcock (wife of Alfred Babcock and mother of Milam) on March 5. On February 28, Alfred Babcock and Milam executed a stipulation for judgment in the amount prayed for in the complaint plus $30 as costs. On March 17, judgment was entered against all three respondents upon this stipulation and upon the default of respondent Mary Babcock.

On March 19, respondents filed notice of motion, under section 473 of the Code of Civil Procedure, to set aside the judgment upon the ground that it was taken through their mistake, inadvertence, surprise and excusable neglect, accompanied by their verified answer and cross-complaint and the affidavit of each. Counteraffidavits by appellant and by his attorney were filed March 25. Supplemental affidavits by Milam and by Mary Babcock were filed March 25 and 29. The motion was heard on March 25 and 29 and thereupon granted.

Sufficient support for the conclusion of the trial court that respondents have a meritorious defense is furnished by respondents' affidavits and their verified answer, which denies material allegations of the complaint, and by the cross-complaint, which alleges receipt by appellant of partnership property in excess of his partnership interest and seeks an accounting thereof by him and dissolution of the partnership. (*Beard*

v. *Beard,* 16 Cal.2d 645, 649 [107 P.2d 385]; *Shively* v. *Kochman,* 23 Cal.App.2d 420, 422 [73 P.2d 637].)

It appears that the stipulation for judgment was prepared by appellant's attorney and explained by him to Alfred Babcock who, according to his affidavit, had little experience in business and legal matters, was not represented by independent legal counsel and was not properly advised of his rights upon entering into the stipulation.

From Milam's affidavits it appears that when he signed the stipulation he was in a bewildered and confused state of mind and not in full possession of his faculties, as the result of several weeks' steady consumption of large quantities of intoxicating liquor; that he had not consulted nor was he represented by independent counsel and did not understand the stipulation at the time of signing.

From Mary Babcock's affidavits it appears that she was in Los Angeles County at the time the suit was filed; that on March 3 her husband called on her, advised her of the filing of the suit and of the stipulation he had signed, presenting a similar stipulation for her to sign. She refused to sign, returned to Oakland, and on March 4 consulted an attorney who referred her to another attorney, found the latter out of town but left with his secretary the copy of complaint served on Alfred and copy of the stipulation. On March 7, she and Alfred called on this attorney; told him they knew nothing regarding the matters referred to in the complaint; that only Milam could tell whether the complaint was justified; and that she had been served but did not recall the exact date thereof. She states that on March 7 and for a time prior thereto Milam was at the home of appellant and in an intoxicated state; that, after a lapse of several days and repeated requests by her, appellant brought Milam to her home, and she entered upon the process of nursing Milam and attempting to get him back on his feet; that after several days of treatment Milam partially recovered from the effects of his prolonged drinking and then advised her there were numerous good defenses to the complaint and numerous offsets against the demands of the appellant, and that he would secure the records concerning such offsets so that the same might be presented to an attorney. She and Milam then went to the office of the partnership and discovered that during the period of Milam's drinking all of the records pertaining to appellant's participation in the partnership had been removed. Thereupon she called on her attorney, told him that she had

ascertained that each of the respondents had meritorious defenses to the action and made an appointment with him for that evening, on which evening her first affidavit was prepared and signed, and filed the following day. She further states that during the 10-day period following service of process upon her, her mind was in a confused, distraught and upset condition resulting from the condition of her son, which she states was brought about to a large degree by the efforts and actions of appellant; and that during said 10-day period she was primarily concerned with the well-being of her son and all of her efforts were directed toward restoring his health.

This evidence furnishes ample support for the action of the trial court in vacating the judgment and permitting the answer and cross-complaint to be filed. It is not a case of a mere change of mind by a defaulting party, whether he wishes to contest an action, coupled with a failure to present facts to indicate that a different result might be reached if the motion to vacate were granted, as was the case in *Elms* v. *Elms,* 72 Cal.App.2d 508 [164 P.2d 936], upon which appellant relies.

A motion to set aside such a judgment as this is addressed to the sound discretion of the trial court and in the absence of a clear showing of abuse in the exercise thereof an appellate court will not disturb the order of the court below. It is the policy of the law to favor, where possible, a hearing on the merits, and appellate courts are more disposed to affirm an order when the result, as in the instant case, is to compel a trial upon the merits than when a judgment by default is allowed to stand, and it appears that a substantial defense could be made. (*Waybright* v. *Anderson,* 200 Cal. 374, 377 [253 P. 148].) Especially is this true when the trial court, as in the instant case, grants relief after it has been promptly sought and it does not appear that appellant has sustained any prejudice thereby. (*Hadges* v. *Kouris,* 71 Cal.App.2d 213, 214 [162 P.2d 476]; *Weck* v. *Sucher,* 96 Cal.App. 422, 424-426 [274 P. 579].)

Upon such an appeal it is not the function of an appellate court to weigh the evidence, as appellant would have us do. He urges that the evidence, being in the form of affidavits, consists merely of written documents that are susceptible to interpretation by any court, trial or appellate. It is well established that the function of an appellate court in this regard is the same as when some or all of the evidence is in the form of

oral testimony. (*Bradley* v. *Davis,* 156 Cal. 267 [104 P. 302].) Accordingly, upon such an appeal, the action of the trial judge in resolving any conflicts between the affidavits of the opposing parties will not be disturbed. (*Waybright* v. *Anderson, supra,* 200 Cal. 374, 378; *Fickeisen* v. *Peebler,* 77 Cal.App. 2d 148, 152 [174 P.2d 883]; *Hadges* v. *Kouris, supra,* 71 Cal.App.2d 213, 217.)

▇ Appellant in his brief suggests that the supplemental affidavit of Mary Babcock should not be considered upon this appeal because it was sworn to and filed on ''the same day that the matter was submitted and the Order setting aside the judgments rendered,'' adding that ''the plaintiff had no notice of said supplemental affidavit, nor an opportunity to answer it.'' This point is not well taken, for the record shows that this affidavit was introduced at the adjourned hearing on March 29, with counsel for all parties present, and prior to submission and decision of the motion. This record has been stipulated by the parties and certified by the clerk of the trial court as correct. It is unlike the case of *Forrest* v. *Knox,* 21. Cal.App. 363 [131 P. 894], cited by appellant, in which the court held that an affidavit filed after submission but without notice to the opposite party until after the granting of the motion, could not be considered in support of a motion to set aside a default judgment. If appellant herein desired to respond to the supplemental affidavit of Mary Babcock, he should have made application to the trial court therefor.

The order appealed from is affirmed.

Peters, P. J., and Bray, J., concurred.