[Civ. No. 4020.   Third Appellate District.—March 14, 1930.]

LANDIS BROTHERS COMPANY (a Corporation), Appellant, v. M. LAWRENCE et al., Respondents.

James F. Peck, Driver, Driver & Tade and C. F. Rafferty for Appellant.

Bradford, Cross & Prior and R. Platnauer for Respondents.

JAMISON, J., *pro tem.*—Plaintiff brought this action to recover alleged unpaid rent that accrued under a lease of real property executed by plaintiff to defendants Lawrence and Comstock, copartners, doing business under the name of Lawrence & Comstock, and against Alex. F. Forni, to whom said lease was assigned, said Forni having died after the commencement of this action, the executrix of his estate, Nettie L. Forni, was substituted as a defendant in his place and stead.

The lease was executed on June 22, 1914, and was for a term of nine years, four months and eight days, with a rental of $5,000 a year, $2,500 thereof to be paid on the execution of the lease, $5,000 on October 1, 1914, and $2,500 on the first days of June and October in each year thereafter up to and including October, 1922.

Lawrence & Comstock assigned the said lease to said Forni on January 3, 1917, and said Forni took possession of the leased premises and paid the rent on the same up to and including June, 1918. No rent was paid thereafter nor was any demand made for the payment of the same up to the time of the commencement of this action.

Appellant was organized as a corporation on September 23, 1910, and continued to exist as such until March, 1917, when it was suspended for failure to pay its license tax. Thereafter, on July 2, 1923, upon payment of its license tax and penalties, it was restored to its rights to do business as a corporation and since then has been and now is a duly existing corporation. At the date of the revocation of the right of appellant to do business as a corporation for the nonpayment of the license tax, the three directors were Harry Landis, Charles W. Landis and Anthony Landis, they being the owners of the entire capital stock of said corporation, each of them owning one-third thereof.

On April 14, 1917, a deed for all of the real estate described in the said lease was executed in the name of said corporation by Harry Landis, its president, and Charles W. Landis, its secretary, to the said Charles W. Landis, with the seal of the corporation affixed thereto. This deed was recorded in Sacramento County records on May 17, 1917, and in the San Joaquin County records on June 13, 1917, these being the two counties in which said land is situated.

On April 30, 1917, the said Charles W. Landis and wife gave their note secured by a deed of trust on said land to H. C. Davey for a loan of $15,000 made to them by him. A portion of this money was used to pay obligations of appellant. Default having been made in payment of said note, the trustees in said deed of trust proceeded to sell said land, at which sale said Alex. F. Forni became the purchaser thereof for the sum of $17,300 and a deed for said land was, by said trustees executed to said Forni on August 7, 1918. This deed was recorded in the records of the counties of Sacramento and San Joaquin on the fourteenth day of August, 1918, and the thirteenth day of August, 1918, respectively.

On September 13, 1916, the German Savings and Loan Society loaned to appellant $67,500 and on that date appellant executed its note to said German Savings and Loan Society for that sum and secured the same by a deed of trust on the land described in said lease, the said German Savings and Loan Society having notice at the time of the existence of said lease. On July 19, 1918, the German Savings and Loan Society changed its name to The San Francisco Savings and Loan Society. On August 27, 1923, the last-named corporation assigned the said last-named note and deed of trust to C. L. Culbert.

Appellant ceased paying any interest on said last-named note after June 1, 1918, and thereafter, until the said land was sold in 1923 under said last-named deed of trust, the said interest was paid by the said Forni. The amount of interest so paid by Forni on said note aggregated the sum of $23,625. This was done without any direction from appellant or request that the same should be done.

Appellant having defaulted in the payment of said last-named note, the said land was sold under said last-named deed of trust and the said Forni became the purchaser thereof for the sum of $68,000 and a deed for said land was executed to him on November 17, 1923, by the trustees named in the deed of trust last mentioned.

It is the contention of the appellant that from and after June 1, 1918, until the expiration of the term of said lease the said Forni continued to be its tenant and that the said Forni as such tenant and Lawrence & Comstock, his assignors, are indebted to appellant for the rent which had

accrued and remained unpaid at the expiration of said lease. Respondents contend that the said Forni became the owner of the land described in the lease on August 7, 1918, by virtue of the aforesaid trustees' deed executed to him on that date; also, that the said Forni acquired title to the said land by prescription. They further contend that, admitting that said Forni continued to be the tenant of appellant until the expiration of the term of said lease, that to preserve his rights and interests in said land, the said Forni has been compelled to pay certain interest and taxes that should have been paid by appellant, namely, the interest on the note secured by the deed of trust executed by appellant to the German Savings and Loan Society, amounting to the sum of $23,625, and the taxes assessed against said land from the year 1918 until the sale thereof under said deed of trust, amounting to the sum of $5,987.97, and that the amount so paid by said Forni exceeds the full amount of the rent claimed by appellant in this action.

The validity of the trustees' deed which conveyed the said land to said Forni, under the deed of trust executed by Charles W. Landis, depends upon and is based upon the validity of the deed to said land executed by appellant by and through its president and secretary to the said Charles W. Landis.

Appellant contends that this deed is invalid because it was executed after the corporation had been suspended for nonpayment of its license tax and that all of the trustees of said corporation did not join in its execution, that is to say, that Anthony Landis, one of the directors at the date of said suspension and, therefore, one of the trustees, did not join with the other two trustees in the execution of this deed, and this contention is supported by the authorities. (Civ. Code, secs. 860, 2268; *Anthony* v. *Janssen,* 183 Cal. 329 [191 Pac. 538]; *Newhall* v. *Western Zinc Min. Co.,* 164 Cal. 380 [128 Pac. 1040].) However, this deed was executed by appellant by and through its president and secretary, it was duly recorded in the counties wherein the said land is situated and prior to the commencement of this action more than five years had elapsed since the dates of said recordation. Therefore, by the provisions of section 400 of the Civil Code it has the same force and effect as if

executed and delivered prior to the said suspension of said corporation.

The said provision of said section 400 of the Civil Code is as follows: "Provided, however, that any deed executed in the name of such corporation by the president or vice-president and secretary or assistant secretary after a dissolution thereof or after a forfeiture of the charter of such corporation or after the suspension of the corporate rights, privileges and powers of such corporation, which deed shall have been duly recorded in the proper book of records of the county in which the land or any portion thereof so conveyed is situated, for a period of five years, shall have the same force and effect as if executed and delivered prior to said dissolution, forfeiture or suspension."

■ This deed from appellant to the said Charles W. Landis having been executed in its name by its president and secretary, with its corporate seal thereto affixed and having the same force and effect as though executed during the period when the corporation was authorized to transact business as a corporation, the presumption arises that it was executed by authority of the corporation. (6 Cal. Jur. 686; *Potts Drug Co.* v. *Benedict*, 156 Cal. 322 [25 L. R. A. (N. S.) 609, 104 Pac. 432]; *Anderson* v. *Wickliffe*, 178 Cal. 120 [172 Pac. 381].) And the burden is upon the adverse party to overcome that presumption by showing want of authority in such officers to execute the instrument as that of the corporation. (6 Cal. Jur., pp. 686, 687.) No evidence tending toward overcoming this presumption was produced by appellant. ■ We are therefore of the opinion that the deed executed by appellant by its president and secretary, with the corporate seal attached, conveyed the said land to the said Charles W. Landis and that the said Forni acquired the title to it by its purchase under the deed of trust executed by the said Charles W. Landis and that, under the doctrine of merger, respondents were not liable to appellant for rent on said land after August 7, 1918, the date of the execution of the deed to said Forni as aforesaid.

The trial court committed no error in rejecting the affidavit of B. F. Driver, as the matters contained in said affidavit were by stipulation of parties admitted to be true.

In view of the conclusions we have reached, we deem it unnecessary to consider the other grounds relied upon by respondents.

The judgment is affirmed.

Thompson (R. L.), J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 12, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 12, 1930.