[Civ. No. 13776. Second Dist., Div. One. Dec. 8, 1942.]

BYRON PEEBLER et al., Respondents, v. B. C. OLDS, Appellant.

J. M. Danziger for Appellant.

Roland Maxwell for Respondents.

WHITE, J.—This appeal comes before us on the judgment roll, and is the outgrowth of a judgment confirming an award

of arbitrators named by stipulation to wind up the affairs of a dissolved partnership. The judgment contains recitals that an accounting was had, determines the status of the accounts of each partner with the partnership, and appoints a commissioner to make a sale of the partnership property and to divide the proceeds of such sale between the partners in the manner designated in the judgment.

Appellant particularly assails paragraphs 6, 7, 11 and 14 of the judgment as being void. This contention cannot be sustained. After determining in paragraph 5 of the judgment that appellant is indebted to the partnership in the sum of $374.52, the·court directs in paragraph 6 that appellant pay to respondents one-half of said sum, in the amount of $187.26, ''and any sum or sums they (respondents) may hereafter be required to pay in connection with any obligation for the bills, charges, claims or expenses incurred in the operation of the cemetery subsequent to February 14, 1938, including any obligations for permanent care or maintenance.'' Paragraph 7 contains a description of the real and personal property belonging to the partnership; paragraph 11 directs that the property mentioned in paragraph 7 be sold at public auction, appoints a commissioner to effectuate such sale, and determines the order in which the partnership property is to be sold.

Paragraph 14 provides that appellant ''shall be responsible for any act, deed or document made, done or suffered by him since February 14, 1938, and said Byron Peebler and Ethel M. Peebler (respondents) are hereby granted a lien upon the interest of B. C. Olds (appellant) in the property hereinabove referred to to secure the release of any such deed or document and to reimburse them for any loss suffered by them by reason of any such act, deed or document.''

As the next ground of appeal it is urged that the judgment is void because it is not a final and definite award, and because it improperly provides for a division of assets between the partners without making any provision for the payment or performance of contractual obligations of the partnership. While it is true that before there can be a decree finally settling the partnership accounts, the liabilities must be paid or adjusted to the satisfaction of the creditors, there is nothing in the judgment herein from which it appears that there are any outstanding partnership obligations.

The judgment shows that an accounting was had, and we should assume that were there outstanding partnership obligations to the satisfaction of which the partnership property or assets should be applied, cognizance of the same would have been taken and provision for such liquidation made in the award of the partnership assets to the respective partners. We cannot, in view of the foregoing, indulge in the assumption that there are outstanding partnership obligations and resort to such an assumption to defeat the judgment. ■ Neither do we find in the judgment any lack of definite description of the property ordered to be sold. The judgment directs the sale of three graves in each of three certain designated and numbered lots, while paragraph 8 of the judgment contains a legal description of the real property within which the aforesaid numbered lots are located.

■ It is further urged by appellant that the lots in question are "family plots" and therefore inalienable by reason of the provisions of section 8650 of the Health and Safety Code. This section has no application to the situation here presented to us, for it does not appear from the record that any interments have been made in the lots mentioned in the judgment, and we cannot, therefore, assume or conclude that any of such lots have become "family plots" within the meaning of section 8650 of the Health and Safety Code.

■ Finally, appellants challenge the validity of that portion of the judgment entitled subdivisions A and B of paragraph 7, which directs a sale of the fee to certain of the cemetery property. This contention is grounded upon the claim that the law of this state does not permit sale of the fee to property once dedicated as a cemetery, save and except when certain proceedings have been resorted to in the superior court and after all bodies have been removed from the area in question. The legislation relied upon by appellant is contained in sections 8553 et seq. of the Health and Safety Code, which in effect provide that property dedicated to cemetery purposes shall be held, occupied and used exclusively as a cemetery and for cemetery purposes. Sections 8580 and 8581 of the Health and Safety Code provide the method whereby the fee to cemetery property may be conveyed. We cannot perceive the applicability of the statutes relied upon by appellant to the question with which we are here confronted, for

the reason that subdivision "h" of paragraph 7 of the judgment specifically provides with reference to the sale of the fee that such sale shall be "subject to any burial rights that might have been given, granted or licensed therein." When we read the judgment in its entirety we are impressed that the disposition and division of the lots require that the burial places sold under the judgment shall be used only for graves and for burial purposes. Nothing appears in the judgment which warrants the conclusion that the sale as authorized involves the abandonment of the use of the property as a cemetery. In fact, any such assumption is negatived by the language of the judgment itself, and we find nothing in the cases cited by appellant which militates against the sale or transfer of cemetery properties or portions thereof when the established use of the properties for cemetery purposes is to be continued. The terms of the judgment in the case at bar contemplate and require the preservation of all rights previously conferred, granted or licensed for the making of burials in the cemetery property, and when read as a whole the judgment clearly indicates that the use of the entire property is to be continued for cemetery purposes. Therefore, no violence is done to the provisions of the Health and Safety Code which have for their object the preservation of such property for purposes of sepulture.

For the reasons herein stated, it is ordered that the judgment entered in this action on February 20, 1942, be, and the same is, hereby affirmed.

York, P. J., and Doran, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 4, 1943.