[Civ. No. 13801. Second Dist., Div. One. Dec. 8, 1942.]

BYRON PEEBLER et al., Appellants, v. B. C. OLDS, Respondent.

Roland Maxwell for Appellants.

J. M. Danziger for Respondent.

WHITE, J.—Following an arbitration agreed to for the purpose and object of winding up the affairs of the dissolved partnership of Byron Peebler and Ethel M. Peebler, husband and wife, and B. C. Olds, the award of the arbitrators was, upon application of Mr. and Mrs. Peebler, confirmed by the Superior Court of Los Angeles County, and judgment entered accordingly. Such judgment determined the status of the remaining obligations of the members of the partnership and their respective shares in the partnership property. Included in the partnership assets was certain real property, consisting of cemetery lots and graves, the partnership having been formed for the purpose of carrying on a cemetery known as "Olive Lawn Memorial Park." By its judgment the court directed the sale of such real property and the fee therein, subject to any burial rights that might have been given, granted or licensed therein. The judgment also referred to certain personal property, including office equipment and certain machinery used for cemetery operation. For the purpose of consummating such sale, the court in its judgment designated a commissioner and ordered the sale to be conducted at public auction. The judgment further directed a division of the proceeds of such sale. By his return, the commissioner recited that pursuant to the terms of the judgment "and after due and proper notice," the property was sold at public auction. There is also contained in the return a recital that all the personal property mentioned in the judgment was present at the time of the sale.

Subsequent to the filing of the return of sale, which reported the amount of money obtained, the balance on hand, and its disposition, the court entered a further judgment, which in effect approved and confirmed the sale and awarded to Mr. and Mrs. Peebler a cash judgment against B. C. Olds.

However, thereafter respondent B. C. Olds made a motion to set aside the commissioner's sale, to cancel the deed and to set aside the second or further judgment. This motion was made upon the grounds that the notice specified by the Code of Civil Procedure for execution sales should have been published and posted, and that this legal requirement was omitted; that the personal property should have been exhibited as required by the Code of Civil Procedure in execution sales, but that this requirement was not complied with; that the commissioner's deed was imperfect, in that it purported to

convey property not included in the order of sale; and finally, that the commissioner was advertising another sale, which presupposed that he had not already sold the property. In support of this motion respondent Olds' attorney filed an affidavit wherein he alleged that the commissioner had not published or posted a notice of sale; that the commissioner gave no notice whatever, "as appears by his affidavit on file herein"; but we find no such affidavit in the record. The affidavit of respondent's attorney further avers that the commissioner's deed purports to convey property different from and other than that authorized to be sold by the judgment and different from that referred to in the return of sale, and that the sale of the personal property was made "without exhibiting the same as required by section 694 of the Code of Civil Procedure." In conclusion, the affidavit alleges that the commissioner was re-advertising a sale of the property, and because of the cloud occasioned by the prior sale, the contemplated and proposed future sale "will bring an inadequate price." Following hearing on the motion, the court made an order vacating all proceedings taken by the commissioner; ordered that the deed made by him be "vacated, annulled and set aside," and that the further judgment made following the commissioner's return of sale be vacated. It is from such ruling by the court that this appeal is taken.

It is first contended by appellants that no notice of sale was required to be published or posted. There is a marked and well recognized distinction between sales under execution and what are known as judicial sales. (15 Cal.Jur. 300.) A recognition of this difference appears in the following language used in the opening clause of section 692 of the Code of Civil Procedure; "Before the sale of property on execution or under power contained in any mortgage or deed of trust, notice thereof must be given as follows: . . . "

That the court determined to wind up the affairs of the partnership through the medium of a commissioner rather than a receiver, does not alter the legal aspects of the case. This was a judicial sale. The commissioner was at all times acting under the direct mandate of the court. The judgment specified the particular property which the court directed to be sold. The authority of the commissioner was derived from the judgment, which contained specific directions as to what was to be sold and how it was to be sold. His powers and

the method of sale are not therefore to be tested by the same rules which govern sales on execution or under power contained in any mortgage or deed of trust, as prescribed by section 692 of the Code of Civil Procedure.

Since, as we have just pointed out, the sale in question was not an execution sale, the presence and exhibition of the personal property sold was not required in accordance with the provisions of section 694 of the Code of Civil Procedure.

We come now to a consideration of appellants' claim that the court was without authority to set aside the sale of the property involved; the return of sale; the commissioner's deed, and the further judgment of March 30, 1942, in the sum of $97.26. The motion to vacate the just mentioned proceedings was made, among other grounds, upon the claim "that the commissioner's deed is imperfect, in that it purports to convey property not included in the order of sale, and in the sale itself," and "that the commissioner is now advertising another sale which presupposes that he had not already sold the property under the judgment." In support of such motion respondent's attorney filed an affidavit, in which it was charged that "the property covered by the commissioner's deed embraced an entire tract of five (5) acres which consists of over 4,000 burial lots, numerous roadways, parkways and a water pipe line system, and an entrance gate. The property ordered to be sold by the judgment embraces but about 670 burial lots only;" and further, "that the commissioner is now advertising a sale of said property and if a sale of same is made in the future, the buyer will have a clouded title caused by the present deed executed and recorded, and any future sale will likely bring an inadequate price because of the clouded condition of the title."

No counter-affidavits were filed, and we must therefore assume that the court had before it the uncontradicted allegations contained in the aforesaid affidavit. It is axiomatic that every court has the inherent right and power to cause the record to correctly set forth the court's acts and proceedings. It is true, of course, that in exercising this power the court is not warranted in doing more than making its records conform to the actual facts, and cannot, under the guise of utilizing this power, correct a judicial error, for such an error can be remedied only by appeal from the judgment. However, in this situation, in which the commission-

er's deed embraced an entire tract of five acres, consisting of over 4,000 burial lots, numerous roadways, parkways, etc., when the property ordered to be sold consisted of only approximately 670 burial lots, and when, by reason of the erroneous description in the commissioner's deed, he advertised another sale of the property, the buyer's title to which would of necessity be encumbered and clouded because of the misprision which occurred in the original deed, the court was empowered to correct such an error by setting aside the incorrect judgment and other proceedings had preliminarily or subsequently thereto. The error here claimed was not a judicial one, and the course taken by the court was proper, to the end that proceedings might be had, a commissioner's deed executed, and a judgment rendered, which would correctly express what was done by the court. In the circumstances here present, that the court acted within the scope of its authority there can be no question.

For the foregoing reasons, the order made under date of May 26, 1942, vacating proceedings taken by the commissioner under the judgment herein rendered, is affirmed.

York, P. J., and Doran, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied February 4, 1943.