[Civ. No. 14410.   Second Dist., Div. Three.   Sept. 28, 1944.]

B. C. OLDS, Appellant, v. BYRON PEEBLER et al., Respondents.

J. M. Danziger for Appellant.

Roland Maxwell for Respondents.

WOOD (Parker), J.—Plaintiff appeals from a judgment on the pleadings in favor of defendants.

The complaint herein alleged in substance that by a judgment of the superior court a public sale was directed of certain property known as Olive Lawn Memorial Park in which plaintiff owned an undivided one-half interest as a partner with defendants; that pursuant to said judgment the sale was conducted by a commissioner on March 12, 1942, and defendants were the only bidders and they "bid in" the property for $100; that defendants prepared a deed to defendants which the commissioner executed and the defendants recorded; that the deed so prepared was "a false and untrue deed and deliberately made so by the defendants, and included in the property purchased by and conveyed to the defendants, a large and additional property not the subject of the sale, and not purchased by the defendants at said sale"; that upon plaintiff's motion, the court made an order on May 27, 1942, setting "aside said deed and all proceedings in said sale"; that defendants appealed from said order, and "said order was affirmed by the appellate court" on December 8, 1942 (56 Cal.App.2d 13 [132 P.2d 236]); that before said order was signed on May 27, 1942, defendants caused the court commissioner to advertise another sale under said judgment on May 27, 1942; that a further sale was held on May 27, 1942, and there were no bidders "other than plaintiff's attorney and said property was sold to defendants for the nominal sum of $400.00"; that "by reason of the fact that a prior sale had been had, and a false deed executed thereunder and recorded of record, thus clouding the title to the property, no public bidders were attracted to said second sale and defendants were thereby enabled to purchase the said property at but a small fraction of its actual worth, and to

the great damage of this plaintiff''; that plaintiff under the judgment was entitled to one-half of the sales price of said property; that said property was reasonably worth $20,000 at the time of said sale and plaintiff suffered damages in the sum of $10,000 by reason of the conduct of defendants. A copy of the judgment which ordered the sale of the partnership property was attached to the complaint as an exhibit. Paragraph 7 of said judgment listed and described the partnership property, and paragraph 8 thereof stated that "the cemetery lots referred to under paragraph 7 *are situated in* the following described real property: [Here certain real property was particularly described.]" (Italics added.) Also a copy of the commissioner's deed to defendants was attached to the complaint as an exhibit, and the description of the property sold as recited in the deed was the description stated in paragraph 8 of the judgment. It was also stated in the deed that the conveyance included the property described in paragraph 7. (The only property which should have been sold, or was sold, to defendants was the property described in paragraph 7.)

Defendants demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled.

In their answer the defendants denied the allegations of the complaint, except the allegations that the judgment directing the sale of partnership property was entered; that a copy of the judgment was attached to the complaint; that the sale was conducted by the commissioner on March 12, 1942; that defendants purchased the property for $100; that the attorney for defendants prepared the deed which was recorded; that the court made an order setting aside the return of sale, the deed and the further judgment (which was for the balance due defendants in the partnership accounting after applying the proceeds of the sale); that said order setting aside said proceedings was affirmed on appeal; and that a sale was held on May 27, 1942. In their answer to said complaint the defendants alleged further as follows: "That on September 11, 1942, plaintiff . . . filed in the above-entitled Court . . . a complaint, a copy of which is attached hereto as Exhibit 'C' and incorporated herein by reference. [The complaint herein was filed May 26, 1943.] That defendants' demurrer to said complaint was sustained without leave to

amend. That thereafter . . . a judgment for defendants and against plaintiff was duly given and made therein . . . a copy of said judgment being attached hereto as Exhibit 'D' and incorporated herein by this reference.'' It is to be noted that a copy of the demurrer was not attached to the answer. Defendants alleged further in their answer that on May 20, 1942, plaintiff moved the court for an order setting aside the sale made on March 12, 1942, the return of sale, the deed, and the further judgment entered following the execution of the deed; that a copy of said notice of motion was attached to the answer as an exhibit; that the motion was granted and on May 26, 1942, the court made an order (granting the motion), a copy of which was attached to the answer as an exhibit; and that each item purchased by plaintiff was bid upon by plaintiff's attorney. The copy of the judgment in the former action attached to the answer stated: ''The demurrer of defendants to the complaint . . . having been sustained . . . without leave to amend, It is Hereby Ordered, Adjudged and Decreed that plaintiff take nothing by his action and that defendants recover their costs. . . .''

Plaintiff's contentions on appeal are based upon the assumption that the trial court, in rendering judgment on the pleadings, took judicial notice of the proceedings in the former action and determined therefrom that the controversy between the parties herein had been adjudicated previously, or that the trial court determined that the copy of the former complaint and the copy of the former judgment attached to the answer herein showed a previous adjudication of the controversy between the parties herein. Plaintiff's contentions are: (1) that the court could not take judicial notice of the former judgment; (2) that the fact that a copy of the former judgment was attached to the answer did not establish the matter adjudicated by the former judgment; and (3) that even if the court could have taken judicial notice of the former judgment, ''due to its being pleaded by defendants,'' that such judgment shows on its face that the court did not determine the merits of the controversy, and such former judgment is not a bar to this subsequent action.

■ The copy of the judgment attached to the answer shows that the judgment was based upon an order sustaining a demurrer to the complaint without leave to amend. A copy of the demurrer was not attached to the answer, and the

pleadings do not allege upon what ground or grounds the demurrer was based. It does not appear therefore from the pleadings whether the demurrer was sustained upon the ground that no cause of action was stated or upon some other ground. Unless the former judgment was a judgment on the merits it would not be a bar to a subsequent action. The fact that a judgment for defendants was entered after a demurrer to the complaint was sustained without leave to amend does not mean necessarily that it was a judgment on the merits. "A judgment given after the sustaining of a general demurrer on a ground of substance, for example, that an absolute defense is disclosed by the allegations of the complaint, may be deemed a judgment on the merits, and conclusive in a subsequent suit. . . . But even a judgment on general demurrer may not be on the merits, for the defects set up may be technical or formal, and the plaintiff may in such case by a different pleading eliminate them. . . . Where such a new and sufficient complaint is filed, the prior judgment on demurrer will not be a bar." (*Goddard* v. *Security Title Ins. & Guar. Co.* (1939), 14 Cal.2d 47, 52 [92 P.2d 804].) The commissioner who conducted the sale was a party in the former action. Plaintiff therein sought a penalty under section 963 of the Code of Civil Procedure and damages. That action was filed while the appeal from the order setting aside the sale was pending. It might be that the trial court, in sustaining the demurrer in the former action, concluded there had been a misjoinder of parties, or a misjoinder of an action for a penalty and an action for damages, or that the action had been commenced prematurely since the appeal from the order setting aside the sale was pending at the time that action was commenced. The former complaint alleged in part that defendant Head, the commissioner, and the defendants "fraudulently conspired between themselves that no public notice should be given of the intended sale so that no bidders would be attracted to said sale." It was held on appeal, in affirming the order setting aside the sale, that posting or publishing of notice as prescribed by section 692 of the Code of Civil Procedure was not required since the sale was a judicial sale and not a sale under execution. (*Olds* v. *Peebler*, 56 Cal.App.2d 13 [132 P.2d 236].) It might be that the trial court, in sustaining the demurrer after the decision on appeal, sustained it for the reason that such notice of sale,

as plaintiff alleged should have been given, was not required. In the present action the commissioner is not a party, and the matter of giving public notice of the sale is not involved. Of course, the judgment roll in the former action had not been received in evidence. ■ The court was not authorized to take judicial notice of the judgment roll in the former action. (*Johnston* v. *Ota* (1941), 43 Cal.App.2d 94, 96 [110 P.2d 507].) ■ The fact that copies of the former complaint and the former judgment were attached to the answer as exhibits, and the fact that the genuineness and due execution of those documents were not denied by plaintiff, merely established the genuineness and due execution of the former complaint and former judgment (Code Civ. Proc., § 448), and did not prove the matters adjudicated by the former judgment. (*Johnston* v. *Ota, supra,* p. 98.) It does not appear from the face of the pleadings herein or from the pleadings as aided by proper judicial notice that it was a general demurrer that was sustained. The pleadings do not show that there was a former adjudication on the merits of the matters in controversy herein.

■ Even if it had been a general demurrer that was sustained, and even if there had been an adjudication on the merits, the pleadings did not show that there had been a final adjudication of the controversy between the parties hereto. As to the former complaint, the answer herein alleged merely that a complaint was filed on a certain date, and that a copy of it was attached to the answer and incorporated therein. As to the former judgment, the answer herein alleged merely that a judgment for defendants was entered on a certain date, and that a copy of it was attached to the answer and incorporated therein. The answer did not allege that there had been a final adjudication of the controversy between the parties in the present action; but even if the answer had so alleged the allegation would have been deemed denied. The pleadings show that the former complaint and the former judgment, referred to in the answer, were genuine and duly executed, but the pleadings do not show that the former judgment became final. Of course, the former judgment, a copy of which was attached to the answer, might not have become final for the reasons it might have been vacated or modified by the trial court, or it might have been reversed or modified on appeal, or an appeal from it might be pending. The mere

fact that the former judgment was entered, as alleged in the answer, was not a sufficient fact from which to conclude that there had been a final adjudication of the controversy between the parties.

Respondents assert that the former judgment was a judgment on the merits and a bar to this action, and they rely mainly on the case of *See* v. *Joughin* (1941), 18 Cal.2d 603 [116 P.2d 777]. That case is distinguishable from the present case in which the judgment roll in the former action was not before the court. On page 609 of that case it was said: "An examination of the . . . bill of exceptions . . . together with the . . . statement of the judge . . . reveals that the defendants' counsel offered in evidence the *judgment roll* in the former proceeding and that its inspection caused the trial court to dismiss the instant action." (Italics added.) They also cite *Fay* v. *Crags Land Co.* (1944), 62 Cal.App.2d 445 [145 P.2d 46], wherein a plea of res judicata was sustained. That case is likewise distinguishable from the present case in that the judgment roll in the prior action therein was received in evidence.

Respondents also assert that the question of judicial notice is not involved herein since copies of the former complaint and former judgment, attached to the answer herein, were before the court on the motion for judgment on the pleadings. As to the case of *Johnston* v. *Ota, supra,* relied upon by appellants, which was to the effect that judicial notice could not be taken of the previous action, respondents state that it is not in point here because a copy of the former judgment only (and not a copy of the former complaint) was attached to the answer therein and it was necessary for the trial court, in determining whether the previous judgment was a bar, to consider the file in the previous case. They state that the copy of the former complaint herein "being attached to the answer [herein] and incorporated in it supplied the deficiency which led to the reversal of the judgment" in the Johnston case. In the present case, however, as hereinbefore stated, there were deficiencies which were not supplied, viz.: there was no showing in the pleadings as to the reason for sustaining the demurrer in the former action, and no showing as to the finality of the former judgment.

Respondents cite *Willson* v. *Security-First Nat. Bk.* (1942), 21 Cal.2d 705 [134 P.2d 800], which stated at page

711: "Generally a court takes judicial notice only of proceedings in the same case. . . . [citations.] But in some circumstances judicial notice will be taken of proceedings in other cases in the same court in the interests of justice." They contend that, even if judicial notice of the previous action herein was required in order to determine whether the present action was barred, the interests of justice herein required that such judicial notice be taken, i. e., that the exception to the general rule be applied in this case. If judicial notice were taken of the former action it would be ascertained that the former judgment is different from the purported copy of it which is attached to defendants' answer herein. A reference to the original file in the former action discloses that the former judgment states in part: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that *this action be and the same is hereby dismissed* that defendants recover their costs. . . ." (Italics added.) As above noted, the purported copy of the former judgment attached to the answer states *"that plaintiff take nothing by his action,"* and does not state *"that this action be and the same is hereby dismissed."* (Italics added.) It appears from the original former judgment that the trial judge drew a line through the words "plaintiff take nothing by his action and," which were in the form of judgment as originally prepared, and wrote in lieu thereof the words, "this action be and the same is hereby dismissed." Appellant cited the case of *Campanella* v. *Campanella*, 204 Cal. 515 [269 P. 433], which held that a judgment of dismissal following an order striking a second amended complaint from the files without leave to amend was not a bar to a subsequent action. Respondents, in seeking to distinguish that case from the present one, stated in their brief that it "is not in point in that it relates to a judgment of dismissal rather than a judgment following a general demurrer." Apparently the respondents are urging that the purported copy of the former judgment attached to the answer was, by reason of the words therein, "plaintiff take nothing by his action," a judgment on the merits as distinguished from a judgment of dismissal. If judicial notice of the former judgment had been taken in the interests of justice, as suggested by respondents, it would have appeared that the former judgment was a judgment of dismissal. It would have appeared also, if such judicial notice had been taken, that the minute

order in the former action sustaining the demurrer did not state any ground upon which the demurrer was sustained. It therefore appears that the foundation required, in order to take judicial notice of another action in the interests of justice, under the exception to the general rule, is not present in this case. Judicial notice is not taken herein of the former action, but reference has been made to the original record in the former action solely by reason of defendants' contention that the interests of justice require that judicial notice be taken of that action.

██ Another contention of respondents is that appellant obtained a remedy when the first sale was set aside on his motion, and since he elected that remedy he cannot subsequently maintain an action for damages based upon the same subject matter as that involved in the motion. The second sale was made on the same day the order setting aside the first sale was signed. Respondents appealed from that order. The present action is not limited to matters involved in the first sale, but it includes matters relating to the second sale which occurred after the motion was made. The fact that appellant made the motion to set aside the first sales does not preclude him from maintaining this action.

██ The last contention of respondents is that the complaint did not state a cause of action. The general demurrer of respondents to the complaint was overruled by the judge who granted the motion for judgment on the pleadings. The general demurrer was overruled properly.

The judgment is reversed.

Desmond, P. J., and Shinn, J., concurred.