[L. A. No. 19063. In Bank. June 25, 1946.]

BYRON PEEBLER et al., Respondents, v. B. C. OLDS et al., Appellants.

J. M. Danziger for Appellants.

Roland Maxwell for Respondents.

SHENK, J.—This is an appeal by the defendants from a judgment enjoining them from going upon real property known as Olive Lawn Memorial Park, a private cemetery, and ordering them to deliver to the plaintiffs the possession of certain cemetery lots, personal property, books and records.

The plaintiffs and defendant Olds formed a partnership in 1923. In 1929 they accepted a conveyance of Olive Lawn Memorial Park, consisting of about five acres of land located near Norwalk in Los Angeles County. The land previously had been in the ownership of Graceland, a corporation whose charter was suspended in 1926 for nonpayment of franchise tax. The property was operated under the partnership agreement until 1940 when difficulties arose between the partners followed by an arbitration. From that time the history of the dealings between them is reflected in the following decisions: *Graceland* v. *Peebler* (March 18, 1942), 50 Cal.App.2d 545 [123 P.2d 527], wherein the Graceland corporation sued to quiet title to the realty and it was held that the suspended corporation had no authority to sue; *Peebler* v. *Olds* (December 8, 1942), 56 Cal.App.2d 8 [132 P.2d 233], wherein a judgment based on the award of the arbitrators, providing among other things for the sale of the partnership assets, was affirmed; *Peebler* v. *Olds* (December 8, 1942), 56 Cal.App.2d 13 [132 P.2d 236], being the affirmance of an order (granted on defendants' motion) setting aside the commissioner's first sale under the arbitration judgment because it was conducted without the required notice; *Olds* v. *Peebler* (September 28, 1944), 66

Cal.App.2d 76 [151 P.2d 901], wherein, after a second commissioner's sale of the partnership assets, the plaintiff Olds sought to recover damages by reason of the first unadvertised sale, the defendants Peebler interposed a plea of res judicata based on the dismissal of a prior similar action, and a judgment on the pleadings for the defendants was reversed; *Peebler* v. *Olds* (October 29, 1945), 71 Cal.App.2d 382 [162 P.2d 953], in which a judgment for the plaintiffs in an action for malicious prosecution was modified and affirmed.

The plaintiffs were the successful bidders at both sales conducted pursuant to the arbitration award and judgment. The first sale, later set aside, took place on March 12, 1942, and the second on May 27, 1942. In the meantime, on March 28, 1942, the plaintiffs brought the present action to obtain possession of the property and the cemetery records, and to have the defendants enjoined from entering upon the cemetery grounds. A supplemental complaint was filed alleging the facts concerning the setting aside of the first sale and the conduct of the second sale. On November 25, 1942, judgment was entered restraining the defendant from possessing any part of the property known as Olive Lawn Memorial Park. The court also ordered the defendants to deliver to the plaintiffs the possession of all of the lots described in the commissioner's deed, and of the personal property, books and records, and restrained the defendants from removing any of the personal property acquired by the plaintiffs under the deed. This appeal followed. On June 29, 1945, this court denied the plaintiffs' motions to strike the reporter's transcript on the ground that it was not prepared and certified within the time or in the manner prescribed by law, and to dismiss the appeal for failure of the defendants to file an opening brief. (*Peebler* v. *Olds,* 26 Cal.2d 656 [160 P.2d 545].)

There is no contention that the second commissioner's sale of partnership assets was not conducted after due notice, and the trial court found that the sale was duly and fairly conducted. The property purchased at the sale included specified lots as yet unconveyed to purchasers for burial purposes. They comprised only a portion of the entire cemetery area and were sold to the plaintiffs subject to the use thereof as a cemetery. The court found that the defendants had no title or interest in, nor any right to go upon any part of Olive Lawn Memorial Park, nor any right to continue in possession of the specific property purchased by the plaintiffs at the commissioner's sale.

■ The defendants contend, in effect, that the court should have confined its judgment to those lots which were included in the commissioner's deed. There is no merit in the contention. The pleadings tendered the issue of the rights of the parties to go on the entire property known as Olive Lawn Memorial Park, and to the possessive rights of a portion thereof comprising, among other property, the lots which were sold to the plaintiffs. By their pleadings the defendants admitted that they did not claim a right to the possession of any of the lots which were sold to various grantees for burial purposes and which were not involved in the commissioner's sale. It sufficiently appears that the partnership assets consisted only of the items sold to the plaintiffs pursuant to the judgment in the arbitration proceedings.

The finding that the sale of the unoccupied lots and other property constituting the partnership assets was duly and fairly conducted is based on sufficient evidence. The conclusion that the defendants have no right, title or interest in or to any portion of the real property known as Olive Lawn Memorial Park follows as a matter of course. Only those entitled to the possessory rights of the unoccupied lots would have the right to conduct the park as a cemetery. That right accrued to the plaintiffs by virtue of the judgment in the arbitration proceedings and the sale of the unoccupied lots and other property pursuant thereto.

The court also found and determined that none of the roads or parkways in the cemetery was dedicated to public use, that none of the defendants, nor any of the corporations or persons whom they claimed to represent, had any right or interest in any of the property; further, that the defendants' threats to continue their unlawful trespass and their conduct in that respect would deprive plaintiffs of the rights acquired by virtue of the arbitration judgment and render said judgment ineffectual; also that pecuniary compensation would not afford adequate relief to the plaintiffs.

The findings are based on sufficient evidence which in turn support the judgment. A complete answer to all of the contentions made by the defendants is thus shown.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.