[Civ. No. 17174.   Second Dist., Div. Three.   July 7, 1950.]

H. C. FICKEISEN, as Trustee in Bankruptcy, etc., Plaintiff and Appellant, v. BYRON PEEBLER et al., Respondents; EDITH W. DANZIGER, Defendant and Appellant.

Edith W. Danziger, in pro. per., and A. Brigham Rose for Appellants.

Roland Maxwell and Paul H. Marston for Respondents.

SHINN, P. J.—H. C. Fickeisen, as trustee in bankruptcy of Graceland, a corporation, by his amended complaint sought to quiet his title as trustee and that of the corporation to 5 acres of land in the county of Los Angeles which, with other land, is devoted to cemetery use. Defendants, Byron Peebler, Ethel M. Peebler, James Danziger, Edith W. Danziger, George W. Archer and A. F. Hutchinson, filed their answers denying plaintiff's allegation of title and asserting their own title to, or interests in, the land. The cemetery project was undertaken some time prior to 1923 and certain of the parties who were interested in it have carried on litigation, arising out of their association, which has been before the District Courts of Appeal and the Supreme Court upon eight previous occasions.

The following facts were established by the evidence: On November 9, 1926, Graceland conveyed the property in question by quitclaim deed to Wake Development Company, a corporation; on August 6, 1929, Wake Development Company by quitclaim deed conveyed the land to B. C. Olds; on February 14, 1938, Olds entered into a partnership agreement with Byron Peebler and Ethel M. Peebler for the improvement of the property and operation of a cemetery business thereon, it being agreed that the Peeblers were acquiring a half interest in the property from Olds. The partnership having been dissolved, the Peeblers, through purchase at a judicial sale, acquired all the interest of the partnership in said property and have continued to own the same; the property, together with adjoining property owned by Edith Wake Danziger, has been operated as a cemetery under the management of defendant, A. F. Hutchinson who claims title to certain burial lots by conveyences from Graceland on August 11, 1924. The present action was instituted January 17, 1945. Edith W. Danziger by her answer claims title to an office building located on the premises and approximately 3,000 burial lots within the cemetery, presumably included within the land described in her answer as ''all that portion of Section 'A' of Graceland and Graceland Mausoleum Park, recorded in file # 474, Rec-

ords of Los Angeles County, lying southerly of a line produced through the south line of lots 38, 103, 154, 203, 244, 285 and 341 to its intersection with the easterly and westerly boundary of said section 'A.' '' Her answer alleged that she became the owner of this parcel by deed from Mary Belle Utterback, dated January 9, 1948, and filed for record with the County Recorder of Los Angeles County on January 9, 1948. In addition to denying the title of plaintiff, the answer of the Peeblers set up nine separate affirmative defenses. Among these was a plea of the statute of limitations; another was a plea of laches; and still another, a plea of another action pending which involved the same subject matter. The court found, among other things, that Graceland was not seised or possessed of the property in question within five years before the commencement of the action, that plaintiff's asserted cause of action was barred by unreasonable delay in asserting Graceland's rights, and that the issues in the case had been determined and adjudicated against Graceland in another action. There were numerous other findings adverse to plaintiff which need not be recited or discussed. The findings and judgment declared that neither plaintiff, as trustee, nor Graceland, nor Edith W. Danziger, had any right, title or interest in the property, and that defendant Danziger did not own the office building. The judgment is not questioned insofar as it declares the rights of George W. Archer and A. F. Hutchinson.

The action was tried August 31, 1945, findings and conclusions were signed September 30, 1948; on June 24, 1948, Edith W. Danziger, in pro. per., gave notice of a motion for a new trial and for relief under section 473, Code of Civil Procedure, upon the ground of surprise, supporting her motion by her own affidavit; plaintiff moved for a new trial and his motion was denied. Presumably the motion of Edith W. Danziger was denied, although the record does not show that the court ruled on it. She gave notice of appeal from the judgment, as well as from an order denying her motion for a new trial, and plaintiff filed a similar notice of appeal.

The court found that the license of Graceland to do business as a corporation was suspended, by operation of law, in 1926, for failure to pay its franchise tax. It appears from the statement of respondents' attorney that the date of the suspension was the 27th of February of that year. More than 18 years elapsed between the deed of Graceland to Wake Development Company, under which defendants derived title, and the in-

stitution of the present action. There was no evidence that after conveying the property, Graceland ever had possession of it, or that Fickeisen as trustee has ever been in possession. To the contrary, the partnership of Olds and the Peeblers, and later on the Peeblers themselves, had carried on the cemetery business, had sold burial plots, and to the time of trial there had been something like 1,600 interments in the grounds. No facts were alleged in the amended complaint to excuse the delay in bringing suit to quiet title. It is contended however, that the statute of limitations did not run against Graceland for the reason that its deed to Wake Development Company was void, having been executed after the powers of the corporation had been suspended because of its failure to pay its state license tax. It is also claimed to have been void because of the want of authority of the president and secretary of the corporation to make a conveyance, and the additional contention is made that the conveyance of cemetery property without authorization from the superior court was unlawful.

At the time the property was conveyed to Wake Development Company all contracts made by corporations whose powers had been suspended were void. (Stats. 1915, p. 422, as amended by Stats. 1917, p. 371; Pol. Code, § 3669c, as amended by Stats. 1919, p. 181.) However, under the 1917 amendment, failure to pay the annual license tax did not result in the forfeiture of the corporate charter, but only suspended the powers of the corporation, which could be restored upon proper application and the payment of delinquent license fees and penalties. The corporate powers were not restored, but this fact would not interrupt the running of the statute of limitations against an action to quiet title, or to recover possession. The right to resume business could have been regained at any time and the corporation may not gain advantage from its own neglect.

The finding that the action was barred under section 318, Code of Civil Procedure, is supported by evidence that Fickeisen, as trustee, or Graceland, was not seized or possessed of the property within five years immediately preceding the commencement of the action. (*Cocking* v. *Fulwider*, 95 Cal. App. 745 [273 P. 142]; *Morrow* v. *Coast Land Co.*, 29 Cal. App.2d 92, 111 [84 P.2d 301]; *Earl* v. *Lofquist*, 135 Cal. App. 373, 379 [27 P.2d 416].)

The defense of laches was established. J. M. Danziger was president of Graceland and as such signed the deed to Wake Development Company. He has been an active partici-

pant in the subsequent litigation and was a party defendant in the present action. He is the husband of Edith W. Danziger, who claims an interest in the property, and who owns adjoining property. During the 18 years that immediately preceded the commencement of the present action the several defendants have acquired interests in the property for a valuable consideration, and have caused it to be improved and operated as a cemetery in reliance upon the sufficiency of their title. The mere statement of these facts is sufficient justification for the finding that plaintiff has been guilty of unreasonable delay and should be barred from asserting title to the property. (*Akley* v. *Bassett,* 189 Cal. 625, 647 [209 P. 576]; *Morrow* v. *Coast Land Co., supra,* 29 Cal.App.2d 92, 107; *G. R. Holcomb Estate Co.* v. *Burke,* 4 Cal.2d 289 [48 P.2d 669].)

The contention that the president and assistant secretary of Graceland were proven to have had no authority to execute the deed in question is not sustainable. The deed bore the seal of the corporation, which was presumptive evidence of the authority of the officers. (*Landis Brothers Co.* v. *Lawrence,* 104 Cal.App. 499 [286 P. 177], and authorities there cited.) This presumption was not overcome as a matter of law by evidence that the minutes of the corporation which were produced in court did not contain a resolution of the board of directors authorizing the president and assistant secretary to execute the deed. There was sufficient evidence to support the implied finding that the officers had authority to execute it.

Likewise untenable is the contention that the deed of Graceland to Wake Development Company was void for the reason that it was not authorized by the superior court, which would have been required under section 615 of the Civil Code as it then existed if it had been the intention of Graceland to withdraw the property from use as a cemetery. (See Civ. Code, § 608, as amended, Stats. 1891, p. 180, and § 615, as amended, Stats. 1889, p. 61.) Nor was there evidence that interments had been made in the property prior to the date of the deed. (See *Peebler* v. *Olds,* 56 Cal.App.2d 8 [132 P.2d 233].) As to all of the contentions based upon the alleged void character of the deed it may be said that Graceland, having presumably received a valuable consideration for the deed, and having failed for 18 years to question its validity, was properly held to have lost its right to assert title to the land against the

defendants.  (*Bradley* v. *Butchart*, 217 Cal. 731, 744 [20 P.2d 693].)

No abuse of discretion was shown in the order denying the motion of Edith W. Danziger for a new trial.  Her affidavit on motion for new trial was filed long after the action was tried, but before judgment was entered.  She claimed to have acquired title by deed dated January 7, 1948, from Newton W. and Mary A. Utterback, who were alleged to have acquired the property from B. C. Olds and Effie M. Olds, August 28, 1928, said grantors' title having been derived by a deed from Graceland in January, 1927.  There are several reasons which support the denial of her motion.  A sufficient one is that she did not claim to have taken the deed from the Utterbacks for value or without knowledge of the rights of the defendants.  Her claim of title to the office building had previously been decided against her.  (*Danziger* v. *Peebler*, 88 Cal.App.2d 307 [198 P.2d 719].)

The judgment is affirmed.  The attempted appeals from orders denying motions for new trial are dismissed.

Wood, J., and Vallée, J., concurred.

A petition for a rehearing was denied July 25, 1950, and plaintiff and appellant's and defendant and appellant's petitions for a hearing by the Supreme Court were denied August 31, 1950.