403 P.2d 294

Herbert V. EMBLEN and Edna F. Emblen,
husband and wife, Appellants,

v.

SOUTHERN ADJUSTMENT BUREAU,
INC., a corporation, Appellee.*

No. 1 CA–CIV 55.

Court of Appeals of Arizona.

June 21, 1965.

Stevenson, Babbitt, Warden & Smith, by
J. R. Babbitt, Jr., Flagstaff, for appellants.

Mangum, Christensen & Wall, by H. K.
Mangum, Flagstaff, for appellee.

DONOFRIO, Judge.

Appellee Southern Adjustment Bureau,
Inc., brought suit in the Superior Court of
Coconino County against appellants Her-
bert V. Emblen and Edna F. Emblen, upon a
judgment rendered in California.

The defendants, appellants herein, an-
swered that the alleged foreign judgment
was void as it purported to be a summary
judgment based upon motion and affidavit,
notice of which was never received by de-
fendants or their attorney of record. De-
fendants also entered a general denial. The
cause was tried before the court, and the
court rendered judgment in favor of the
plaintiff, appellee. From the judgment and
the order denying defendants' motion for a
new trial defendants appeal.

* This appeal was filed with the Arizona
Supreme Court and assigned that Court's
number 7873. The matter was referred
to this Court pursuant to Section 12–
120.23 A.R.S.

On January 7, 1959, Mesa Park Improvement Company brought an action in California in the San Diego Superior Court against appellants and others through their attorneys Torrance and Wansley of San Diego.

On December 7, 1959, the defendants through their attorney, John M. Sherman, made an appearance in the California cause and filed an answer on which his address was placed. The answer bore the following:

"John M. Sherman
Attorney at Law
Suite 212 California Bank Building
Pasadena, California
SYcamore 2–1125
RYan 1–7582
Attorneys for Defendants Herbert V. Emblen
and Edna F. Emblen" (Emphasis added)

———◆———

The last page of said answer contained a certificate signed by Martha Sherman as required by California law, that she served the within answer on plaintiff by mailing *true copies* to Torrance and Wansley, Attorneys at Law, and to Southern Adjustment Bureau, Inc.

*Plaintiff in the instant cause introduced in evidence through Mr. Roy M. Cleator, an attorney representing the plaintiff in the California action, a copy of the answer served upon him.* This answer is a carbon copy and identical in every respect including the erasures to the one filed in the Clerk's office, except that it bore the following:

"John H. Sherman
Attorney at Law
Suite 212 Union National Bank Building
Pasadena 1, California
SYcamore 2–1125
RYan 1–7582
Attorneys for Defendants Herbert V. Emblen
and Edna F. Emblen" (Emphasis added)

———◆———

The only difference in the two is that in one the address is "Suite 212 California Bank Building", and in the other it is "Suite 212 Union National Bank Building". The evidence discloses that the Union National Bank Building was changed to California Bank Building around August, 1955.

On June 17, 1961, Plaintiff Mesa Park Improvement Company filed the notice of Motion for Summary Judgment (which is California procedure) as to the Emblens, a copy of which together with the accompanying Affidavit was mailed to John M. Sherman, 212 Union National Bank Building.

Pasadena 1, California. This was Mr. Sherman's address as shown on the served copy of Emblens' answer. Mr. Sherman testified by deposition that he never received this Notice of Motion and Affidavit so sent. The evidence is silent as to whether any other person in the office knew of the notice.

Appellee brought the instant suit as assignee of the Summary Judgment granted in California, which was based on the foregoing notice of motion. At the trial appellee offered in evidence the assignment which was received over appellants' objection.

There are two questions before us. The validity of the foreign judgment and whether the assignment (Exhibit B) which makes plaintiff the real party in interest was sufficiently proven.

Defendants contend the assignment of judgment was improperly admitted in evidence in that it did not bear the corporate seal of the Mesa Park Improvement Company. That without this seal it devolved upon plaintiff to show that the officer or agent of the corporation had authority to execute it. That plaintiff failed in this regard in that testimony offered by plaintiff was hearsay.

No objection was made to the authenticity of the assignment. In viewing the exhibit we find there is a clearly discernible seal of the Mesa Park Improvement Company. We have carefully examined the impression made by the seal on the paper and are able to read the words: "Mesa Park Improvement Company" on the outer circle, and the word "Arizona" on one side of the inner circle with the word "Incorporated" on the other side and the date "1957" in the center of the seal. Apparently counsel in the haste of the trial completely overlooked the seal which we admit is rather faint, but nevertheless discernible. The seal was impressed over the signatures of Delta M. Brant, President of Mesa Park Improvement Company, and Jeanne W. Bradford, Secretary.

In First National Bank of Clifton v. Clifton Armory Company, 14 Ariz. 360, at page 364, 128 P. 810, at page 811 (1912) our Supreme Court of the Arizona Reports quoting with approval from a text said:

"Mr. Thompson in his work on Corporations, vol. 2, § 1928, says: 'A general rule may be stated to the effect that, when an instrument is produced with the impression of the seal of the corporation, it is *prima facie* the act of the corporation, and no evidence is necessary to show by whom it was affixed, or that any steps were taken to confer authority on the officer or agent who affixed it, or that any steps had been taken by the corporation to authorize the execution of the instrument.'"

■ Inasmuch as the validity of an assignment of judgment is determined by the law of the state where the judgment is recovered (Cook v. Casualty Ass'n of America, 246 Mich. 278, 224 N.W. 341) we have searched the authorities in California and find them to the same effect.

California Jurisprudence discusses the effect of a corporate seal in 12 Cal.Jur.2d, Corporations § 69, p. 656, as follows:

"An instrument purporting to be executed by a corporation, foreign or domestic, and bearing a seal that purports to be that of the corporation is prima facie evidence that the instrument is the act of the corporation, and it was duly executed and signed by authorized officers or agents, that the seal is the duly adopted seal of the corporation, and that it was affixed by duly authorized person. The seal must show the name of the corporation and the state and date of incorporation. It may be engraved, lithographed, printed, stamped, impressed upon, or affixed to the instrument. An instrument bearing the corporate seal is not only prima facie evidence of the matters mentioned; it is also admissible in evidence without further proof of execution."

Cases to the same effect are Heberling v. Day, 59 Cal.App. 13, 209 P. 908, 913 (1922); Fickeisen v. Peebler, 98 Cal.App.2d 320, 219 P.2d 864 (1950).

■ The assignment bearing the corporate seal and signatures of the president and secretary is prima facie evidence of its execution. We see no merit to defendants' contention.

We next consider the question of the validity of the foreign judgment.

It is not questioned that a valid judgment of the San Diego court shall be given full faith and credit, nor is the authenticity of the judgment itself questioned.

■ We presume, in the absence of proof to the contrary, in favor of the jurisdiction

of the court rendering the judgment. Banco de Senora v. Morales, 23 Ariz. 248, 203 P. 328 (1922).

Our question is whether the proof regarding the service of the notice renders the judgment invalid for lack of jurisdiction.

One of defendants' contentions is that the copy of the answer which bore the address to which plaintiff's attorney mailed the "Notice of Motion for Summary Judgment" and "Affidavit in Support of Motion for Summary Judgment" was served on the attorney, Mr. Roy M. Cleator, long before he was attorney of record in the California case. This is based on an instrument showing Roy M. Cleator was *associated* as counsel for plaintiff. The instrument bore the date of May, 1959.

Although the instrument is some evidence of when Mr. Cleator was associated as counsel, we do not concede that its presence in the file is conclusive evidence as to when he became an *attorney of record*. The testimony of Mr. Cleator before the trial court in Arizona was that he was an attorney of record before he received the answer. In fact he testified that it was he to whom Mr. Sherman asked for an extension of time to file the answer which the record shows was filed eleven months after the complaint. It is also to be noted that the answer was mailed to the Southern Adjustment Bureau with whom Mr. Cleator was connected.

[4] The trial court having resolved any conflict of testimony on this fact in favor of plaintiff, it is not our prerogative to substitute our judgment for the trial court. Barter v. County of Pima, 2 Ariz. 88, 11 P. 62 (1886); Hatfield v. Arizona Highway Patrol Merit System Council, 97 Ariz. 24, 396 P.2d 256 (1964).

The more serious question is whether the mailing of the notice and affidavit on motion for summary judgment to Mr. Sherman at 212 Union National Bank Building, which Mr. Sherman testified he never received, renders the judgment thereon void.

The pertinent California Statutes regarding mailing of such notice provide:

"Service by mail may be made where the person on whom it is to be made resides or has his office at a place where there is a delivery service by mail, or where the person making the service and the person on whom it is to be made reside or have their offices in different places between which there is a regular communication by mail." California Code of Civil Procedure, Section 1012.

"In case of service by mail, the notice or other paper must be deposited in the United States post office, or a mail box, sub-post office, substation, or mail chute, or other like facility regularly maintained by the Government of the United States, in a sealed envelope, with postage paid, addressed to the person on whom it is to be served, at his office address as last given by him on any document which he has filed with the cause and *served* on the party making service by mail; otherwise at his place of residence." California Code of Civil Procedure, Section 1013. (Emphasis added)

Under California authorities the service is complete at the time of the deposit of the instruments to be served in the United States Mail, properly sealed, stamped and addressed. Traders' Credit Corporation v. Superior Court, 111 Cal.App. 663, 296 P. 99 (1931); McKeon v. Sambrano, 200 Cal. 739, 255 P. 178 (1927); Gill v. Southern Pac. Co., 174 Cal. 84, 161 P. 1153 (1916); In re Richards' Estate, 154 Cal. 478, 98 P. 528 (1908).

The certificate of mailing herein is not questioned nor is the fact that the notice and affidavit on motion for summary judgment are proper instruments to be served by mail.

We are only confronted with whether the use of the address furnished to counsel for plaintiff by defendants renders the service of the notice invalid. We think not. Section 1013 (supra) provides that the office address to be used shall be the address as last

given on any document which was "filed in the case and *served*" on the party making service by mail. The address used herein was the address last given which was *served* on counsel for plaintiff. The certificate of mailing of Martha Sherman attached to the answer which contained the address declared under penalty of perjury that she mailed true copies of the answer to attorneys Torrance and Wansley (attorneys of record) and Southern Adjustment Bureau, Inc. Plaintiff had a right to rely on the address given under such circumstances. The defendants have failed to show that plaintiff knew of any other address than that served the plaintiff by defendants.

■ In evidence (Exhibit 1) is a letter dated February 3, 1961, written by Mr. Sherman to Mr. Cleator in which he acknowledges previous conversation with Mr. Cleator regarding the notice being mailed to 212 Union Title Bank Building. It is to be noted this letter uses the name, Union *Title* Bank Building, which name is not involved in the service of the notice. At that time Mr. Sherman mentioned taking action to vacate the judgment. We do not know what was done in this regard, but it would seem that this would be the proper course to take promptly upon learning the problem created by the service of the answer. Delay would not favor the side of equity herein. Especially when the accepted law is that where one of two persons must suffer loss, the person causing the condition resulting in loss, particularly where he has misled the other, ought to bear it. Green v. Gila Water Co., 36 Ariz. 303, 285 P. 263 (1930); Hallenbeck v. Regional Agr. Credit Corp., 47 Ariz. 477, 56 P.2d 1041 (1936).

The validity of the California judgment has not been overcome.

Judgment affirmed.

STEVENS, C. J., and CAMERON, J., concurring.